**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYL JOHNSON, a/k/a Sylvester Thompson, d/b/a/ Syl-Zel Music | ) | Case No. 07 C 7288 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Aspen |
| v. | ) | |
| | ) | |
| MICHAEL JACKSON d/b/a MIJAC MUSIC, WILL SMITH, AFENI SHAKUR, CO-AMINISTRATOR OF THE ESTATE OF TUPAC SHAKUR, LAWRENCE PARKER p/k/a KRS-ONE, PEDRO ZAYAS p/k/a PEEDI CRAKK, CHRISTOPHER RIES P/K/A YOUNG CHRIS, SONY BMG MUSIC ENTERTAINMENT, INC., UMG RECORDINGS, INC. d/b/a UNIVERSAL MUSIC GROUP, CAPITOL RECORDS, INC., ZOMBA ENTERPRISES, INC., AMARU ENTERTAINMENT, INC., N.W.A., a general partnership, COMPTON RECORDS, INC. d/b/a RUTHLESS RECORDS, INC., ANDRE YOUNG, ANTOINE CARRABY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **WILL SMITH'S CORRECTED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | ) | |

Defendant Will Smith ("Smith") answers the complaint of Plaintiff Syl Johnson ("Johnson") as follows:

1.      This action involves misappropriated or pirated samples from Johnson's musical sound recording, Different Strokes, and claims Illinois common law misappropriation and other state law claims, or, alternatively, copyright infringement pursuant to the copyright laws of the United States, 17 U.S.C. § 101, et seq.

**ANSWER**:  Smith denies the allegations of this paragraph, except that Smith admits that Johnson purports to state claims for misappropriation and other state law claims, or alternatively, for copyright infringement.

2.    This Court has jurisdiction over this matter under 28 U.S.C. § 1367 for the state law claims and 28 U.S.C. § 1338 (a) for the alternative federal copyright claims.

**ANSWER**:  Smith denies that Johnson has or has stated a valid claim for copyright infringement or that this court has jurisdiction over this matter.

3.    Venue is predicated on 28 U.S.C. § 1391 and 1400(a) and venue is proper in this district in that Johnson recorded "Different Strokes" in this district and the infringing works which pirated portions of Johnson's work as described herein were and currently are distributed, marketed, offered for sale and sold in this district. On information and belief, personal jurisdiction is proper because each Defendant, without consent or permission of the copyright owner, disseminated copyrighted works owned or controlled by Johnson. On information and belief, illegal dissemination occurred in every jurisdiction in the United States, including the Northern District of Illinois.

**ANSWER**:  Consent was obtained on behalf of Smith to use the "Different Strokes" sound recording and composition, and Smith therefore denies the allegations in this paragraph to the contrary.  Smith admits that the recording "Who Stole the DJ?" was disseminated in the Northern District of Illinois.  As to the remaining allegations, Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 3, and therefore denies the allegations.

4.      Johnson is a 72-year-old adult citizen of the State of Illinois. He is engaged in the business of musical performance under the assumed business name of Syl-Zel Music. Johnson also operates two Illinois corporations, Twinight Records, Inc. and Edgewater Music, Inc. and is engaged in the business of musical composition and publishing.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 4, and therefore denies these allegations.

5.      Upon information and belief, defendant Michael Jackson ("Jackson") is an adult citizen of the State of California. He is engaged in the business of music composition, publishing and performance. On information and belief Michael Jackson engages in publishing of music under the assumed name Mijac Music. Mijac Music is an assumed name for Michael Jackson operating as a music publisher. The infringing work at issue in this lawsuit is entitled "Blood On The Dance Floor, Refugee Camp Edit."

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 5, and therefore denies these allegations.

6.      Upon information and belief, defendant Will Smith ("Smith") is an adult citizen of the State of California. He is engaged in the business of music composition and performance. The infringing work by Smith at issue in this lawsuit is entitled "Who Stole The DJ?"

**ANSWER**:  Smith admits that he is an adult citizen of the State of California, has been engaged in the business of music composition and performance, and helped write and perform a song entitled "Who Stole The DJ?," but denies the remaining allegations of this paragraph 6.

7.      Afeni Shakur, one of the co-administrators of the Estate of Tupac Shakur is a citizen of the State of Georgia ("the Tupac Shakur Estate"). Co- administrator, Richard Fishbein,

is a citizen of the State of New York. The works involving the Tupac Shakur Estate are "Peep Game" and "Nothin' But Love."

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 7, and therefore denies these allegations.

8.      Lawrence Parker, also known as Larry Parker, and professionally known as KRS One ("Parker"), is an adult citizen of the State of California or of the State of New York. Parker is a rap music artist who is engaged in the business of musical composition and performance. The work involving Parker at issue in this lawsuit is entitled "Criminal Minded."

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 8, and therefore denies these allegations.

9.      Defendant Pedro Zayas is professionally known as Peedi Crakk and also as Peedi Peedi ("Zayas"). Upon information and belief, Zayas is an adult citizen of the State of Pennsylvania. He is engaged in the business of musical composition and performance and performed the sound recording for "Criminal Background" at issue in this lawsuit.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 9, and therefore denies these allegations.

10.      Defendant Christopher Ries is professionally known as Young Chris ("Ries"). Upon information and belief, Ries is an adult citizen of the State of Pennsylvania. He is engaged in the business of musical composition and performance and performed the sound recording for "Criminal Background" at issue in this lawsuit.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 10, and therefore denies these allegations.

11.     Defendant Sony BMG Music Entertainment, Inc. is a Delaware general partnership with its principal place of business in New York ("Sony"). Said defendant is engaged in the business of manufacture, distribution, and sale of music performances in the forms of records, tapes, and compact discs, among other media.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 11, and therefore denies these allegations.

12.     Defendant UMG Recordings, Inc. is a Delaware corporation with its principal place of business in New York ("UMG"). On information and belief UMG does business as Universal Music Group. Said defendant is engaged in the business of manufacture, distribution, and sale of music performances in the forms of records, tapes, and compact discs, among other media. Said defendant is the manufacturer, distributor and seller of certain the recordings at issue in this lawsuit: Nothin' But Love and Peep Game.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 12, and therefore denies these allegations.

13.     Defendant Capitol Records, Inc. is a Delaware corporation with its principal place of business in the State of New York ("Capitol Records"). Its parent corporation is EMI, formerly Grammaphone Record Company. On information and belief, Capital owns and exploits the master recording to a song entitled Real Niggaz Don't Die which contains a misappropriated or pirated sample from Different Strokes.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 13, and therefore denies these allegations.

14.    Zomba Enterprises, Inc is a New York corporation with its principal place of business in New York ("Zomba Enterprises"). On information and belief, Zomba Enterprises is the owner of the master recording and copyright for the work at issue in this lawsuit alleged to contain a pirated or misappropriated sample entitled "Criminal Minded" and "Criminal Background".

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 14, and therefore denies these allegations.

15.    Defendant Amaru Entertainment, Inc. is a Delaware corporation with its principal place of business in Georgia ("Amaru"). Upon information and belief, said defendant is engaged in the business of manufacture, distribution and sale of music performances in the form of records, tapes, and compact discs, among other media. Said defendant is the manufacturer, distributor, and seller of recordings for the Tupac Shakur Estate.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 15, and therefore denies these allegations.

16.    N.W.A is a partnership which operated between 1991 and 2003 And was composed of Tre Curry (the D.O.C.), Andre Young (Dr. DRE), Eric Wright (Eazy-E), Dine Fekaris, Lorenzo Patterson (M.C. Ren), Antoine Carraby (DJ Yella), and Nick Zesses ("NWA"). None of NWA's partners are Illinois citizens. Compton Records a/k/a Ruthless Records is a California corporation with its principal place of business in California. The work involving these defendants is Real Niggaz Don't Die.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 16, and therefore denies these allegations.

## JOHNSON'S SONG – DIFFERENT STROKES

17.    On or about July 16, 1967, Johnson hired writers, John Cameron and John Zachary ("the writers"), who created and wrote the musical composition ("the composition") entitled "Different Strokes" in their capacity as songwriters. The musical composition was wholly original and is copyrightable subject matter.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 17, and therefore denies these allegations.

18.    On August 14, 1967, the writers registered the copyright in the musical composition "Different Strokes" with the United States Copyright Office, and secured Certificate of Registration No. EU 9873. The composition copyright in the words and music was registered to John Cameron and John Zachary.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 18, and therefore denies these allegations.

19.    On or about July 16, 1967, Johnson recorded a sound recording entitled "Different Strokes" at a recording studio in Chicago, Illinois. During the recording session, Johnson experimented with different creative sound combinations and finally settled on the idea to open the song with a combined grunt, laugh and drum beat (the "Ensemble"). The Ensemble gave the "Different Strokes" recording great distinction and popular appeal. In 1967, "Different Strokes" was released on a 45-RPM in 1967 through Twilight Records ("Twilight").

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 19, and therefore denies these allegations.

20.     In or about March 1972, Johnson recorded a re-mix version of "Different Strokes" at a recording studio in Chicago, Illinois. The 1972 re-mix version included the Ensemble as to which Johnson re-recorded his grunt. Johnson did the editing, sound remixing, equalization, balancing and addition of new sound material which was wholly original with Johnson.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 20, and therefore denies these allegations.

21.     The 1972 re-mix version of Different Strokes was released in 1986 through P-Vine records as an LP Album.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 21, and therefore denies these allegations.

22.     Johnson obtained a written assignment of the composition copyright from John Zachary effective January 1, 1995. In 1995, John Cameron was deceased, and Johnson obtained a written assignment of Cameron's interest in the composition copyright from Jennifer Cameron, John Cameron's daughter.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 22, and therefore denies these allegations.

23.     On February 26, 1996, Johnson registered his copyright in "Sock It To Me" with the United States Copyright Office and deposited a copy thereof which included the 1972 re-mix of "Different Strokes." Johnson secured Certificate of Registration No. SR0000360-720.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 23, and therefore denies these allegations.

24.    On February 14, 1997, Johnson registered "Surrounded" with the United States Copyright Office.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 24, and therefore denies these allegations.

25.    Johnson deposited a copy thereof which also included the 1972 re-mix version of Different Strokes. Johnson obtained Certificate No. SRU-360-891.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 25, and therefore denies these allegations.

26.    The 1972 re-mix version of "Different Strokes" features the Ensemble as the beginning of the song with Johnson as the vocalist who provided the "grunt" portion of the Ensemble.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 22, and therefore denies these allegations.

### DIGITAL SAMPLING TECHNOLOGY

27.    Digital sampling technology allows the copying of a recorded sound or series of sounds and incorporation of the fragment into the new work.

**ANSWER**:  Smith admits the allegations of this paragraph 27.

28.    The process of digital recording changes sound waves into digital information; specifically, a sound is sent to a transducer (such as a microphone) which converts the sound wave into voltage variations. The signal is then sent to an analog-to-digital converter. The converter changes the analog signal into digital information by first measuring the analog voltage at regular intervals. The resulting "bits" are assigned a binary number representing the intensity

of the signal at that time. A computer stores or processes the resulting sample information. To hear the sample, the process is reversed so that the voltage variations are converted into audible sound waves.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 28, and therefore denies these allegations.

29.    The process whereby music samples are pirated and recorded onto the defendant's work requires that the defendant first make a sound recording, then intentionally and deliberately record the music sample onto the defendant's sound recording. In some cases, the music sample is manipulated by showing it down, changing the pitch, speed, etc. By engaging in this process, the defendant achieves distinction in the defendant's sound recording without having to spend the resources on creativity to develop the distinctive sound.

**ANSWER**:  Smith denies that the distinctiveness of the "Who Stole the DJ?" sound recording was solely or primarily attributable to the use of any particular sample, as opposed to the efforts of Smith and the others who contributed to the production of the song.  Smith is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of this paragraph 29, and therefore denies these allegations.

### BLOOD ON THE DANCE FLOOR

30.    In 1997, Michael Jackson composed, produced and recorded Blood On The Dance Floor. At some point after the Blood On The Dance Floor sound recording was made, either personally or through his agents, Jackson utilized digital sampling technology, pirated the Ensemble from Johnson's sound recording of "Different Strokes" and recorded it onto at least one version of Blood On The Dance Floor known as the Refugee Camp Edit.

**ANSWER**:  This paragraph 30 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 30, and therefore Smith denies these allegations.

31.    Johnson lacks information as to whether Jackson took the Ensemble from the 1967 sound recording or from the 1972 re-mix version of Different Strokes.

**ANSWER**:  This paragraph 31 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 31, and therefore Smith denies these allegations.

32.    On information and belief, Johnson has released versions Of Blood On The Dance Floor which did not contain the pirated or misappropriated sample.

**ANSWER**:  This paragraph 32 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 32, and therefore Smith denies these allegations.

33.    Jackson took the Different Strokes Ensemble for the Blood On The Dance Floor Refugee Camp Edit for the purpose of making the song appeal to a hip-hop audience.

**ANSWER**:  This paragraph 33 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 33, and therefore Smith denies these allegations.

34.    On information and belief, Sony released a compact disc single, maxi-CD single and cassette single containing Blood On The Dance Floor, Refugee Camp Edit.

**ANSWER**:  This paragraph 34 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 34, and therefore Smith denies these allegations.

35.    Neither Jackson, nor any of Jackson's agents or representatives, nor Sony contacted Johnson nor sought a license for the pirated or misappropriated Different Strokes sample.

**ANSWER**:  This paragraph 35 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 35, and therefore Smith denies these allegations.

36.    The copyright notice for Blood On The Dance Floor failed to mention Johnson's contribution vis-à-vis the pirated or misappropriated sample.

**ANSWER**:  This paragraph 36 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 36, and therefore Smith denies these allegations.

37.    In 1997, Michael Jackson released an album entitled Blood On The Dance Floor which included The Refugee Camp Edit. On information and belief, the profits earned from Blood On The Dance Floor, Refugee Camp Edit, exceed $75,000.00.

**ANSWER**:  This paragraph 37 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 37, and therefore Smith denies these allegations.

38.    In 2005, Johnson learned of the pirating of Different Strokes' Ensemble in Blood On The Dance Floor. Upon learning of this, Johnson bought a CD containing Blood On The

Dance Floor, Refugee Camp Edit and confirmed that Blood On The Dance Floor included the Ensemble from Johnson's Different Strokes' sound recording, though Johnson has not yet been able to determine whether the Ensemble was taken from the 1967 sound recording or the 1972 remixed version of Different Strokes.

**ANSWER**:  This paragraph 38 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 38, and therefore Smith denies these allegations.

39.    The infringement of Johnson's song "Different Strokes" by Blood On The Dance Floor is a continuing infringement.

**ANSWER**:  This paragraph 39 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 39, and therefore Smith denies these allegations.

**CRIMINAL MINDED**

40.    In 1987, Parker (together with a since deceased person named Scott Sterling or Scott LaRock) composed a song entitled "Criminal Minded". "Criminal Minded" was recorded by a group known as Boogie Down Productions and Parker was one of the members. Parker (among others), produced "Criminal Minded" and it was released March 3, 1987 by B-Boy Records, Inc. (since merged and now known as Big East Entertainment, Inc.)

**ANSWER**:  This paragraph 40 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 40, and therefore Smith denies these allegations.

41.     Since its release in 1987, Criminal Minded has been released on 13 albums. The albums are: (1) Criminal Minded (1987); (2) Best of B-Boy Records (2001); (3); Hip Hop Back in the Day (1995); (4) History of Rap, Vol. 1 (1996); (5) Kurtis Blow Presents the History of Rap, Vol. 3: The Golden Age (1997); (6) Live Hardcore Worldwide (1991); (7) Criminal Minded (Plus Instrumentals) (2001); Ultimate Hip-Hop Album (2003); (8) 80's Hip-Hop Album (2003); (9) 80's Hip Hop Hits (2000); (10) Man and His Music (1991); (11) Battle For Rap Supremacy; KRS-One v. McSha (1996); (12) Retrospective (Performed by KRS-One (2000); (13) Best of KRS-One (2000).

**ANSWER**:  This paragraph 41 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 41, and therefore Smith denies these allegations.

42.     The Criminal Minded sound recording digitally manipulated the Ensemble by shifting the pitch and speed and repeating the Ensemble pervasively throughout with the intention of giving Criminal Minded distinction and appeal.

**ANSWER**:  This paragraph 42 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 42, and therefore Smith denies these allegations.

43.     The sound recording copyright for the Album entitled Criminal Minded failed to mention Johnson's contribution to the sound recording vis-à-vis the pirated or misappropriated sample. Johnson learned of the pirated or misappropriated Different Strokes sample in Criminal Minded in 2005.

14

**ANSWER**:  This paragraph 43 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 43, and therefore Smith denies these allegations.

44.     On information and belief, Zomba Enterprises obtained the publication rights to Criminal Minded and is responsible for its widespread dissemination and sale.

**ANSWER**:  This paragraph 44 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 44, and therefore Smith denies these allegations.

## CRIMINAL BACKGROUND

45.     On August 5, 2003, Beanie Segal produced a sound recording entitled State Property Presents The Chain Gang, Vol. 2 ("Chain Gang, Vol. 2") which included a song called Criminal Background composed by Parker, Scott Sterling, Chad Hamilton, R. Presson, Christopher Reis, J. Thomas, Pedro Zayas and R. Presson. Criminal Background was performed by Zayas and Ries and released on Roc-a-Fella Records.

**ANSWER**:  This paragraph 45 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 45, and therefore Smith denies these allegations.

46.     Approximately 14.5 seconds into the recording track , the Chain Gang, Vol. 2 sound recording includes a pirated or misappropriated sample of Johnson's grunt (as well as the laugh) from the Different Strokes Ensemble. Johnson lacks information as yet as to whether the sample was misappropriated or pirated from the 1967 or the 1972 sound recording of Different Strokes.

**ANSWER**:  This paragraph 46 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 46, and therefore Smith denies these allegations.

47.    On information and belief, Zomba Enterprise is responsible for or has contributed to the dissemination of Criminal Background.

**ANSWER**:  This paragraph 47 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 47, and therefore Smith denies these allegations.

48.    The copyright notice for Criminal Background failed to mention Johnson's contribution vis-à-vis the pirated or misappropriated sample.

**ANSWER**:  This paragraph 48 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 48, and therefore Smith denies these allegations.

49.    The pirated or misappropriated sample was included in Criminal Background without Johnson's permission or knowledge. Johnson learned of the pirated or misappropriated sample in Criminal Background in 2005.

**ANSWER**:  This paragraph 49 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 49, and therefore Smith denies these allegations.

## WHO STOLE THE DJ?

50.     In 1991 and in 2000, Quincy Jones produced sound recordings entitled "Who Stole the DJ" as composed by Will Smith and Jeff Townes and performed by DJ Jazzy Jeff and The Fresh Prince.

**ANSWER**:  Smith admits that in 1991, an album by DJ Jazzy Jeff and the Fresh Prince entitled *Homebase* was released that included a song entitled "Who Stole the DJ?" that was written by Will Smith and Jeff Townes.  Smith denies the remaining allegations of this paragraph 50.

51.     After recording "Who Stole The DJ", Will Smith or his agents, digitally manipulated the Different Strokes Ensemble, changed the pitch and the speed, and recorded in [sic] onto the Who Stole the DJ sound recording.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 51, and therefore Smith denies these allegations.

52.     The Sound Recording entitled 'Who Stole The DJ" contains approximately one hundred and nine audible instances of the (manipulated) pirated or misappropriated 'Different Strokes" Ensemble. The 109 instances of the Different Strokes Ensemble sample gave 'Who Stole The DJ" its distinction and popular appeal.

**ANSWER**:  Smith denies the allegations of this paragraph 52.

53.     The Ensemble was included without Johnson's permission or knowledge.  At this juncture in the lawsuit, Johnson is unsure whether the  Ensemble was taken from the 1967 or the 1972 Different Strokes re-mix version.

**ANSWER**:  Consent was obtained on behalf of Smith to use the "Different Strokes" sound recording and composition, and Smith therefore denies the allegations in this paragraph to the contrary.  Smith is without knowledge or information sufficient to form a belief as to truth of the other allegations of this paragraph 53, and therefore denies these allegations.

54.    The copyright notice for 'Who Stole The DJ" failed to mention Johnson's contribution vis-à-vis the pirated or misappropriated sample.

**ANSWER**: Smith denies the allegations of this paragraph 54, except that Smith admits that Johnson is not listed as an owner of the sound recording "Who Stole the DJ?" in the sound recording copyright notice.

55.    At least two albums containing 'Who Stole The DJ" were released on Jive Records. The album entitled Before the Millennium contains Who Stole The DJ and was released in 2000.

**ANSWER**:  Smith admits the allegations of this paragraph 55.

56.    On information and belief, Who Stole The DJ was a work for hire by Zomba Enterprises. Sony is the owner of the master recording and is responsible or has contributed to the sale and dissemination of Who Stole The DJ.

**ANSWER**: Smith admits that his recording agreement with Zomba stated that the "Who Stole the DJ?" recording was a work for hire, that Sony has succeeded to Zomba's rights under that recording agreement, and that Sony has contributed to the sale and dissemination of "Who Stole the DJ?"  Smith is without knowledge or information sufficient to form a belief as to truth of the other allegations of this paragraph 56, and therefore Smith denies these allegations.

57.    The infringement or misappropriation described herein is continuing, but Johnson did not learn of it until 2005.

**ANSWER**: Smith denies the allegations of this paragraph 57.

### REAL NIGGAZ DON'T DIE

58.    Real Niggaz Don't Die was composed by various members of the music partnership known as N.W.A., including Tracy Curry professionally known as D.O.C., Andre Young p/k/a Dr. Dre, Eric Wright (Easy-E) and others.

**ANSWER**:  This paragraph 58 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 58, and therefore Smith denies these allegations.

59.    In 1991 through 2003 Tre Curry (the D.O.C.), Andre Young (Dr. DRE), Eric Wright (Eazy-E), Dine Fekaris, Lorenzo Patterson (M.C. Ren), Antoine Carraby (DJ Yella), and Nick Zesses (operating as NWA) made sound recordings of the song Real Niggaz Don't Die which was produced by Dr. Dre and Yella on Compton a/k/a Ruthless Records. The Real Niggaz Don't Die sound recording included a sample from the 1972 "Different Strokes" sound recording.

**ANSWER**:  This paragraph 59 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 59, and therefore Smith denies these allegations.

60.    On information and belief, Capital is the owner of the master recording of the infringing work, Real Niggaz Don't Die, and is responsible for or has contributed to the mass and widespread sale and dissemination of Real Niggaz Don't Die.

**ANSWER**:  This paragraph 60 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 60, and therefore Smith denies these allegations.

61.    In approximately 1995, Capital had a dispute with Johnson regarding Johnson's claim of another instance of infringement pertaining to Johnson's Different Strokes sound recording and a Capital release known as King Tee.

**ANSWER**:  This paragraph 61 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 61, and therefore Smith denies these allegations.

62.    Capital thus had knowledge that Johnson was the copyright owner of the "Different Strokes" sound recording.

**ANSWER**:  This paragraph 62 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 62, and therefore Smith denies these allegations.

63.    Defendants have released and sold the following albums which include "Real Niggaz Don't Die" on one of the album's tracks: (1). Niggaz4Life (1991); (2) Greatest Hits (1996); (3) Greatest Hits (bonus track) (2003); (4) Niggaz4Life [CD/DVD] (2003) (5) Niggaz4Life/100 Miles and Runnin' (2002); (6) Greatest Hitz [Circuit City Exclusive] (2007); (7) Best of N.W.A.: The Strength of Street Knowledge [Bonus DVD] (2007; (8) Efil4Zaggin with 100 Miles/Straight outta Compton (2005); (9) Straight Out of Compton/Niggaz4Life with 100 miles and Running (2003).

**ANSWER**:  This paragraph 63 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 63, and therefore Smith denies these allegations.

64.    The copyright notice for Real Niggaz Don't Die failed to mention Johnson's contribution vis-à-vis the pirated or misappropriated sample.

**ANSWER**:  This paragraph 64 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 64, and therefore Smith denies these allegations.

65.    The infringement or misappropriation described herein is continuing, but Johnson did not learn of it until 2005.

**ANSWER**:  This paragraph 65 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 65, and therefore Smith denies these allegations.

## PEEP GAME

66.    Tupac Shakur (among others) composed a song entitled "Peep Game". Tupac Shakur performed Peep Game and a sound recording was made in approximately 1993.

**ANSWER**:  This paragraph 66 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 66, and therefore Smith denies these allegations.

67.    Peep Game was released on February 16, 1993 by Interscope Records on an album called Strictly 4 My N.I.G.G.A.Z. The producer was Bobby Ervin.   The distributing label is Interscope and Amaru Entertainment, Inc. Interscope and Amaru are owned by UMG.

**ANSWER**:  This paragraph 67 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 67, and therefore Smith denies these allegations.

68.    The Peep Game sound recording includes the "Different Strokes" Ensemble twice at approximately 2.55 minutes into the track.

**ANSWER**:  This paragraph 68 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 68, and therefore Smith denies these allegations.

69.    The Ensemble was taken from either the 1967 or the 1972 remix version of Different Strokes.

**ANSWER**:  This paragraph 69 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 69, and therefore Smith denies these allegations.

70.    The inclusion in Peep Game of the Ensemble from Different Strokes was done without Johnson's knowledge or permission.

**ANSWER**:  This paragraph 70 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 70, and therefore Smith denies these allegations.

71.    On information and belief, UMG is the owner of the master recording of the album, Strictly 4 My N.I.G.G.A.Z, which includes "Peep Game" on one track. UMG is responsible for and has contributed to the mass and widespread sale and dissemination of Peep Game.

**ANSWER**:  This paragraph 71 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 71, and therefore Smith denies these allegations.

72.    The copyright notice for Peep Game failed to mention Johnson's contribution vis-avis the pirated or misappropriated sample.

**ANSWER**:  This paragraph 72 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 72, and therefore Smith denies these allegations.

73.    The infringement or misappropriation described herein is continuing, but Johnson did not learn of it until 2005.

**ANSWER**:  This paragraph 73 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 73, and therefore Smith denies these allegations.

### NOTHIN' BUT LOVE

74.    Tupac Shakur composed a song entitled Nothin' But Love and performed and recorded Nothin' But Love in approximately 1996.

**ANSWER**:  This paragraph 74 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 74, and therefore Smith denies these allegations.

75.    In 1997, Nothin' But Love was released on an album called RU Still Down (Remember Me).

23

**ANSWER**:  This paragraph 75 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 75, and therefore Smith denies these allegations.

76.     The sound recording of Nothin' But Love included the pirated or misappropriated sample of the Ensemble from Johnson's sound recording of Different Strokes. The pirated or misappropriated sample appears twice at approximately the 3:30 minute mark in the Nothin' But Love sound recording.

**ANSWER**:  This paragraph 76 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 76, and therefore Smith denies these allegations.

77.     The sample was taken from either the 1967 or the 1972 sound recording of Different Strokes.

**ANSWER**:  This paragraph 77 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 77, and therefore Smith denies these allegations.

78.     Johnson did not give permission for the inclusion of any portion of the 1967 or the 1972 Different Strokes' sound recording in Nothin' But Love.

**ANSWER**:  This paragraph 78 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 78, and therefore Smith denies these allegations.

79.     The copyright notice for Nothin' But Love failed to mention Johnson's contribution vis-à-vis the pirated or misappropriated sample.

24

**ANSWER**:  This paragraph 79 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 79, and therefore Smith denies these allegations.

80.     On information and belief, UMG is responsible for and has contributed to the mass and widespread sale and dissemination of Nothin' But Love.

**ANSWER**:  This paragraph 80 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 80, and therefore Smith denies these allegations.

81.     In 2005, Johnson first learned that by Nothin' But Love contained a pirated or misappropriated sample of the Different Strokes sound recording. The infringement or misappropriation by Nothin' But Love is continuing.

**ANSWER**:  This paragraph 81 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 81, and therefore Smith denies these allegations.

### COUNT I – MISAPPROPRIATION-BLOOD ON THE DANCE FLOOR

82.     Paragraph Nos. 1 through 81 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 81 as though fully set forth herein.

83.     The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**: This paragraph 83 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 83, and therefore Smith denies these allegations.

84.    Defendants had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**: This paragraph 84 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 84, and therefore Smith denies these allegations.

85.    Jackson, either personally or through his agents, employees or representatives, misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**: This paragraph 85 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 85, and therefore Smith denies these allegations.

86.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**: This paragraph 86 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 86, and therefore Smith denies these allegations.

87.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Jackson gave Blood On The Dance Floor, Refugee Camp Edit, distinction while

26

avoiding expending the creative resources necessary to develop the distinct sound and without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 87 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 87, and therefore Smith denies these allegations.

88.    As a direct and proximate result of the misappropriation described herein, Defendants have profited by virtue of the unlawful misappropriation in a sum exceeding the sum of $75,000.00.

**ANSWER**:  This paragraph 88 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 88, and therefore Smith denies these allegations.

## COUNT II –UNJUST ENRICHMENT–BLOOD ON THE DANCE FLOOR

89.    Paragraph Nos. 1 through 81 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 81 as though fully set forth herein.

90.    As described herein, Jackson d/b/a Mijac Music and Sony have obtained a benefit by the use of the misappropriated samples which have enhanced the musical work and which benefit includes profits from sales and distribution of the works, obtaining and owning a valuable sound recording copyright in the work, issuing and being compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

27

**ANSWER**:  This paragraph 90 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 90, and therefore Smith denies these allegations.

## COUNT III-FEDERAL COPYRIGHT INFRINGEMENT

## BLOOD ON THE DANCE FLOOR

91.    Paragraphs One through 90 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 90 as though fully set forth herein.

92.    In the event that the evidence establishes that Jackson, his agents or representatives or Sony took the Different Strokes Ensemble from the 1972 re-mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**:  This paragraph 92 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 92, and therefore Smith denies these allegations.

93.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 93 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 93, and therefore Smith denies these allegations.

94.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded" .

**ANSWER**:  This paragraph 94 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 94, and therefore Smith denies these allegations.

95.    The 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 95 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 95, and therefore Smith denies these allegations.

96.    On information and belief, Jackson and/or Sony without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright.

**ANSWER**:  This paragraph 96 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 96, and therefore Smith denies these allegations.

97.     On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 97 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 97, and therefore Smith denies these allegations.

98.     Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 98 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 98, and therefore Smith denies these allegations.

99.     As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 99 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 99, and therefore Smith denies these allegations.

100.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 100 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 100, and therefore Smith denies these allegations.

## COUNT IV– VICARIOUS COPYRIGHT INFRINGEMENT

## BLOOD ON THE DANCE FLOOR

101.    Paragraphs One through 100 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 100 as though fully set forth herein.

102.    Jackson and/or Sony are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 102 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 102, and therefore Smith denies these allegations.

103.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 103 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 103, and therefore Smith denies these allegations.

104.    Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER**:  This paragraph 104 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 104, and therefore Smith denies these allegations.

105.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 105 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 105, and therefore Smith denies these allegations.

### COUNT V– MISAPPROPRIATION-CRIMINAL MINDED

106.    Paragraph Nos. 1 through 81 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 81 as though fully set forth herein.

107.    The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  This paragraph 107 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 107, and therefore Smith denies these allegations.

108.    Parker and Zomba Enterprises had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**:  This paragraph 108 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 108, and therefore Smith denies these allegations.

109.    Parker and Zomba Enterprises misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  This paragraph 109 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 109, and therefore Smith denies these allegations.

110.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**:  This paragraph 110 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 110, and therefore Smith denies these allegations.

111.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Defendants gave their work distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 111 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 111, and therefore Smith denies these allegations.

112.    As a direct and proximate result of the misappropriation described herein, Parker and Zomba Enterprises have obtained unlawful profits by virtue of the unlawful misappropriation which exceed the sum of $75,000.00.

**ANSWER**:  This paragraph 112 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 112, and therefore Smith denies these allegations.

## COUNT VII  - UNJUST ENRICHMENT-CRIMINAL MINDED

113.    Paragraph Nos. 1 through 112 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 112 as though fully set forth herein.

114.    As described herein, Parker and Zomba Enterprises have obtained a benefit by the use of the misappropriated samples which have enhanced their musical works and which benefit includes profits from sales and distribution of the works, obtaining and owning a valuable sound recording copyright in the work, issuing and being compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER**:  This paragraph 114 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 114, and therefore Smith denies these allegations.

### COUNT VIII  -FEDERAL COPYRIGHT INFRINGEMENT- CRIMINAL MINDED

115.    Paragraphs One through 114 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 114 as though fully set forth herein.

116.    In the event that the evidence establishes that Parker or Zomba Enterprises took the Different Strokes Ensemble from the 1972 re-mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**:  This paragraph 116 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 116, and therefore Smith denies these allegations.

117.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 117 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 117, and therefore Smith denies these allegations.

118.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**:  This paragraph 118 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 118, and therefore Smith denies these allegations.

119.    The 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 119 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 119, and therefore Smith denies these allegations.

120.    On information and belief, the Defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright.

**ANSWER**:  This paragraph 120 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 120, and therefore Smith denies these allegations.

121.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 121 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 121, and therefore Smith denies these allegations.

122.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 122 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 122, and therefore Smith denies these allegations.

123.    As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 123 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 123, and therefore Smith denies these allegations.

124.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 124 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 124, and therefore Smith denies these allegations.

<u>**COUNT IX– VICARIOUS COPYRIGHT INFRINGEMENT**</u>

<u>**CRIMINAL MINDED**</u>

125.    Paragraphs One through 124 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 124 as though fully set forth herein.

126.    Parker and/or Zomba Enterprises are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 126 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 126, and therefore Smith denies these allegations.

127.    At all relevant times, Parker and/or Zomba Enterprises had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial

interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 127 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 127, and therefore Smith denies these allegations.

128.    Parker and/or Zomba Enterprises have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER**:  This paragraph 128 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 128, and therefore Smith denies these allegations.

129.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 129 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 129, and therefore Smith denies these allegations.


**COUNT X– MISAPPROPRIATION-CRIMINAL BACKGROUND**

130.    Paragraph Nos. 1 through 129 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 129 as though fully set forth herein.

131.    The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  This paragraph 131 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 131, and therefore Smith denies these allegations.

132.    Zayas, Ries and Zomba Enterprises had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**:  This paragraph 132 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 132, and therefore Smith denies these allegations.

133.    Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  This paragraph 133 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 133, and therefore Smith denies these allegations.

134.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**:  This paragraph 134 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 134, and therefore Smith denies these allegations.

135.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Zayas, Ries and Zomba Enterprises gave Criminal Background distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 135 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 135, and therefore Smith denies these allegations.

136.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER**:  This paragraph 136 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 136, and therefore Smith denies these allegations.

### COUNT XI-UNJUST ENRICHMENT – CRIMINAL BACKGROUND

137.    Paragraphs One through 136 are incorporated as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

41

138.    As described herein, Defendants and each of them have obtained a benefit by the use of the misappropriated samples which have enhanced their musical works and which benefit includes profits from sales and distribution of the works, obtaining and owning a valuable sound recording copyright in the work, issuing and being compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER**:  This paragraph 138 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 138, and therefore Smith denies these allegations.

## COUNT XII-FEDERAL COPYRIGHT INFRINGEMENT

## CRIMINAL BACKGROUND

139.    Paragraphs One through 138 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 138 as though fully set forth herein.

140.    In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 re- mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

42

**ANSWER**:  This paragraph 140 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 140, and therefore Smith denies these allegations.

141.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 141 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 141, and therefore Smith denies these allegations.

142.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**:  This paragraph 142 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 142, and therefore Smith denies these allegations.

143.    This 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 143 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 143, and therefore Smith denies these allegations.

144.    On information and belief, the defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout

the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright into Criminal Background.

**ANSWER**:  This paragraph 144 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 144, and therefore Smith denies these allegations.

145.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 145 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 145, and therefore Smith denies these allegations.

146.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 146 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 146, and therefore Smith denies these allegations.

147.    As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered

severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 147 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 147, and therefore Smith denies these allegations.

148.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 148 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 148, and therefore Smith denies these allegations.


## COUNT XIII– VICARIOUS COPYRIGHT INFRINGEMENT
## CRIMINAL BACKGROUND

149.    Pragraphs One through 148 are realleged and incorporated as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges his answers to the allegations in paragraphs 1 through 148 as though fully set forth herein.

150.    Defendants are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 150 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 150, and therefore Smith denies these allegations.

151.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 151 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 151, and therefore Smith denies these allegations.

152.    Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything.

**ANSWER**:  This paragraph 152 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 152, and therefore Smith denies these allegations.

153.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 153 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 153, and therefore Smith denies these allegations.

## COUNT XIV  – MISAPPROPRIATION-WHO STOLE THE DJ

154.    Pragraph Nos. 1 through 153 are incorporated and realleged as though fully set forth herein.

**ANSWER**: Smith incorporates and realleges his answers to the allegations in paragraphs 1 through 153 as though fully set forth herein.

155.    The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 155, and therefore denies these allegations.

156.    Will Smith, Zomba Enterprises and Sony had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**: Smith admits that the 1967 sound recording of Different Strokes was commercially available.  Smith is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph 156, and therefore denies these allegations.

157.    Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  Smith denies the allegations of this paragraph 157.

158.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 158, and therefore denies these allegations.

47

159.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Defendants and each of them gave Who Stole The DJ distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**: Smith denies the allegations of this paragraph 159.

160.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER**:  Smith denies the allegations of this paragraph 160.

### COUNT XV– UNJUST ENRICHMENT-WHO STOLE THE DJ

161.    Paragraph Nos. 1 through 160 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges his answers to the allegations in paragraphs 1 through 160 as though fully set forth herein.

162.    As described herein, Defendants and each of them have obtained a benefit by the use of the misappropriated samples which have enhanced their musical work, Who Stole The DJ which includes profits from sales and distribution of the works, obtaining and owning a valuable sound recording copyright in the work, issuing and being compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER**:  Smith denies the allegations of this paragraph 162.

### COUNT XVI-FEDERAL COPYRIGHT INFRINGEMENT

### WHO STOLE THE DJ

163.    Paragraphs One through 162 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges his answers to the allegations in paragraphs 1 through 162 as though fully set forth herein.

164.    In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 re- mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 165, and therefore denies these allegations.

165.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 165, and therefore denies these allegations.

166.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 166, and therefore denies these allegations.

167.    This 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

49

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 167, and therefore denies these allegations.

168.    On information and belief, the defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright in Who Stole The DJ.

**ANSWER**:  Smith denies the allegations of this paragraph 168.

169.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of the infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  Smith denies the allegations of this paragraph 169.

170.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  Smith denies the allegations of this paragraph 170.

171.    As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered

severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  Smith denies the allegations of this paragraph 171.

172.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  Smith denies the allegations of this paragraph 172.

## COUNT XVII– VICARIOUS COPYRIGHT INFRINGEMENT
## WHO STOLE THE DJ

173.    Paragraphs One through 172 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges his answers to the allegations in paragraphs 1 through 172 as though fully set forth herein.

174.    Defendants are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  Smith denies the allegations of this paragraph 174.

175.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**: Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph 175, and therefore denies these allegations.

176.     Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything.

**ANSWER**:  Smith denies the allegations of this paragraph 176.

177.     Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  Smith denies the allegations of this paragraph 177.

### COUNT XVIII  – MISAPPROPRIATION- REAL NIGGAZ DON'T DIE

178.     Paragraph Nos. 1 through 177 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 177 as though fully set forth herein.

179.     The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  This paragraph 179 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 179, and therefore Smith denies these allegations.

180.    NWA, Capital Records, Antoine Carraby, Andre Young and Compton Records d/b/a Ruthless Records had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**:  This paragraph 180 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 180, and therefore Smith denies these allegations.

181.    Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  This paragraph 181 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 181, and therefore Smith denies these allegations.

182.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**:  This paragraph 182 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 182, and therefore Smith denies these allegations.

183.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Defendants and each of them gave their work distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 183 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 183, and therefore Smith denies these allegations.

184.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER**:  This paragraph 184 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 184, and therefore Smith denies these allegations.

**WHEREFORE,** SYL JOHNSON requests that this court enter judgment in his favor and against each Defendant NWA, Capital Records, Inc., Antoine Carraby, Andre Young and Compton Records d/b/a Ruthless Records, Inc. in an amount to be determined at trial but in excess of $75,000.00 and require disgorgement of profits, damages, punitive damages, costs and fees as may be permitted by law and for such other and further relief as may be equitable and just.

## COUNT XIX  – UNJUST ENRICHMENT-REAL NIGGAZ DON'T DIE

185.    Paragraph Nos. 1 through 184 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 184 as though fully set forth herein.

186.    As described herein, the partnership N.W.A. its producers Andre Young and Antoine Carraby, Compton Records a/k/a Ruthless Records and Capital Records have obtained a

benefit by the use of the misappropriated samples which have enhanced their musical works and which benefit includes profits from sales and distribution of the Real Niggaz Don't Die, have obtained and valuable sound recording copyright in the work, issued and been compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER**:  This paragraph 186 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 186, and therefore Smith denies these allegations.

## COUNT XX-FEDERAL COPYRIGHT INFRINGEMENT
## REAL NIGGAZ DON'T DIE

187.     Paragraphs One through 81 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 81 as though fully set forth herein.

188.     In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 re- mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**:  This paragraph 188 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 188, and therefore Smith denies these allegations.

189.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 189 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 189, and therefore Smith denies these allegations.

190.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**:  This paragraph 190 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 190, and therefore Smith denies these allegations.

191.    This 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 191 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 191, and therefore Smith denies these allegations.

192.    On information and belief, the defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright in Real Niggaz Don't Die.

**ANSWER**:  This paragraph 192 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 192, and therefore Smith denies these allegations.

193.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 193 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 193, and therefore Smith denies these allegations.

194.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 194 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 194, and therefore Smith denies these allegations.

195.    As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 195 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 195, and therefore Smith denies these allegations.

196.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 196 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 196, and therefore Smith denies these allegations.

## COUNT XXI– VICARIOUS COPYRIGHT INFRINGEMENT
## REAL NIGGAZ DON'T DIE

197.    Paragraphs One through 81 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 81 as though fully set forth herein.

198.    Defendants are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 198 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 198, and therefore Smith denies these allegations.

199.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have

derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 199 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 199, and therefore Smith denies these allegations.

200.    Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER**:  This paragraph 200 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 200, and therefore Smith denies these allegations.

201.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 201 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 201, and therefore Smith denies these allegations.

**COUNT XXII– MISAPPROPRIATION—NOTHIN' BUT LOVE**

202.   Paragraph Nos. 1 through 201 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 201 as though fully set forth herein.

203.   The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  This paragraph 203 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 203, and therefore Smith denies these allegations.

204.   The Tupac Shakur Estate, Amaru and others unknown at this time, had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**:  This paragraph 204 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 204, and therefore Smith denies these allegations.

205.   Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  This paragraph 205 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 205, and therefore Smith denies these allegations.

60

206.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**:  This paragraph 206 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 206, and therefore Smith denies these allegations.

207.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Defendants gave the work distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 207 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 207, and therefore Smith denies these allegations.

208.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER**:  This paragraph 208 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 208, and therefore Smith denies these allegations.

## COUNT XXIII– UNJUST ENRICHMENT- NOTHIN' BUT LOVE

209.    Paragraph Nos. 1 through 208 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 208 as though fully set forth herein.

210.    Defendants have obtained a benefit by the use of the misappropriated samples which have enhanced their musical work, Nothin' But Love, which benefit includes profits from sales and distribution of the work, have obtained and own a valuable sound recording copyright in the work, issued and been compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER**:  This paragraph 210 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 210, and therefore Smith denies these allegations.

**WHEREFORE,** SYL JOHNSON, Plaintiff herein, requests that this Court enter judgment in his favor and against each Defendant named herein, AFENI SHAKUR, CO-ADMINISTRATOR FOR TUPAC SHAKUR ESTATE, AMARU ENTERTAINMENT, INC. and UMG RECORDINGS, INC., in the amount by which each has been unjustly enriched by misappropriating Johnson's voice recording and sample, in an amount to be proved at trial, but in the amount in excess of $75,000.00, for costs and fees as permitted by law and for such other and further relief as may be equitable and just.

## COUNT XXIV-FEDERAL COPYRIGHT INFRINGEMENT

## NOTHIN' BUT LOVE

211.    Paragraphs One through 210 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 210 as though fully set forth herein.

212.    In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 re- mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**:  This paragraph 212 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 212, and therefore Smith denies these allegations.

213.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 213 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 213, and therefore Smith denies these allegations.

214.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**:  This paragraph 214 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 214, and therefore Smith denies these allegations.

215.    This 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 215 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 215, and therefore Smith denies these allegations.

216.    On information and belief, the defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright in Nothin' But Love.

**ANSWER**:  This paragraph 216 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 216, and therefore Smith denies these allegations.

217.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 217 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 217, and therefore Smith denies these allegations.

218.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 218 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 218, and therefore Smith denies these allegations.

219.    As a result of the infringements of Johnson's rights in said work as described herein, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 219 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 219, and therefore Smith denies these allegations.

220.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 220 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 220, and therefore Smith denies these allegations.

## COUNT XXV– VICARIOUS COPYRIGHT INFRINGEMENT

## NOTHIN' BUT LOVE

221.    Paragraphs One through 220 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 220 as though fully set forth herein.

222.    Defendants are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 222 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 222, and therefore Smith denies these allegations.

223.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 223 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 223, and therefore Smith denies these allegations.

224.    Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER**:  This paragraph 224 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 224, and therefore Smith denies these allegations.

225.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 225 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 225, and therefore Smith denies these allegations.

## COUNT XXVI– MISAPPROPRIATION—PEEP GAME

226.    Paragraph Nos. 1 through 225 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 225 as though fully set forth herein.

227.    The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording. Johnson had a legal right to control the use of his voice recording.

**ANSWER**:  This paragraph 227 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 227, and therefore Smith denies these allegations.

228.    Defendants had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER**:  This paragraph 228 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 228, and therefore Smith denies these allegations.

229.    Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER**:  This paragraph 229 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 229, and therefore Smith denies these allegations.

230.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER**:  This paragraph 230 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 230, and therefore Smith denies these allegations.

231.    As a result of taking Johnson's voice recording and the Different Strokes Ensemble, Defendants and each of them gave their work, Peep Game, distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER**:  This paragraph 231 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 231, and therefore Smith denies these allegations.

232.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER**:  This paragraph 232 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 232, and therefore Smith denies these allegations.

## COUNT XXVII– UNJUST ENRICHMENT- PEEP GAME

233.    Paragraph Nos. 1 through 232 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 232 as though fully set forth herein.

234.    As described herein, Defendants have obtained a benefit by the use of the misappropriated samples which have enhanced their musical works and which benefit includes profits from sales and distribution of the work, Peep Game, have obtained and own a valuable sound recording copyright in the work, issued and been compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

69

**ANSWER**:  This paragraph 234 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 234, and therefore Smith denies these allegations.

## COUNT XXVIII-FEDERAL COPYRIGHT INFRINGEMENT
## PEEP GAME

235.    Paragraphs One through 234 are incorporated and realleged as though fully stated herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 234 as though fully set forth herein.

236.    In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 re- mix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson registered his ownership of the sound recording copyright with the United States Copyright Office as described herein.

**ANSWER**:  This paragraph 236 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 236, and therefore Smith denies these allegations.

237.    Among the exclusive rights granted to Johnson under the Copyright Act are the exclusive rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public and to create derivative works.

**ANSWER**:  This paragraph 237 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 237, and therefore Smith denies these allegations.

238.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401 on the album cover of "Surrounded".

**ANSWER**:  This paragraph 238 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 238, and therefore Smith denies these allegations.

239.    This 1972 re-mix version of Different Strokes was widely available and accessible to each defendant.

**ANSWER**:  This paragraph 239 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 239, and therefore Smith denies these allegations.

240.    On information and belief, the defendants and each of them, without the permission, authority, or license from Johnson and without any attribution to Johnson, have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold throughout the world, including in this district, works which include the Ensemble and/or a sample of Johnson's 1972 sound recording of Different Strokes in violation of Johnson's copyright in Peep Game.

**ANSWER**:  This paragraph 240 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 240, and therefore Smith denies these allegations.

241.    On information and belief, each defendant has, in turn, distributed and sold numerous copies of an infringing work which unlawfully includes a portion of Johnson's 1972 sound recording in Different Strokes throughout the world. Each violation of Johnson's rights to the 1972 sound recording constitutes a separate and distinct act of copyright infringement.

**ANSWER**:  This paragraph 241 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 241, and therefore Smith denies these allegations.

242.    Defendants' continuing infringement of Johnson's rights in the 1972 re-mix sound recordings has caused and is continuing to cause irreparable injury, loss and damages to Johnson, and unless defendants are restrained from continuing their wrongful infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER**:  This paragraph 242 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 242, and therefore Smith denies these allegations.

243.    As a result of the infringements of Johnson's rights in said work as described herein, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER**:  This paragraph 243 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 243, and therefore Smith denies these allegations.

244.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER**:  This paragraph 244 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 244, and therefore Smith denies these allegations.

## COUNT XXIX– VICARIOUS COPYRIGHT INFRINGEMENT
## PEEP GAME

245.    Paragraphs One through 244 are incorporated and realleged as though fully set forth herein.

**ANSWER**:  Smith incorporates and realleges its answers to the allegations in paragraphs 1 through 244 as though fully set forth herein.

246.    Tupac Shakur Estate, Amaru and/or UMG are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER**:  This paragraph 246 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 246, and therefore Smith denies these allegations.

247.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**:  This paragraph 247 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 247, and therefore Smith denies these allegations.

248.    Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER**:  This paragraph 248 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 248, and therefore Smith denies these allegations.

249.    Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER**:  This paragraph 249 pertains to claims against Defendants other than Smith. Smith is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph 249, and therefore Smith denies these allegations.

## AFFIRMATIVE DEFENSES

250.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of laches.

251.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of estoppel.

252.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of acquiescence.

253.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of waiver.

254.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of consent.

255.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the applicable statues of limitations.

256.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims have been settled and released.

257.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

258.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that any of the work at issue was *de minimis*, if at all.

259.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that its use of the work at issue was a fair use.

260.    As a complete and affirmative defense to Plaintiff's claims, Smith alleges that Plaintiff has failed to mitigate his damages, if any.

Smith expressly reserves, and does not waive, any additional affirmative defenses that may be disclosed or become apparent during discovery and further investigation of the relevant facts in this matter.

**WHEREFORE**, Defendant, Willard Smith, having fully answered the Complaint, demands that the same be dismissed against him with prejudice and upon its merits, and that he be awarded his attorney's fees, costs and such other relief as the Court deems appropriate.

Date: May 1, 2008                         Respectfully submitted,

LOEB & LOEB LLP


By: /s/ Sharon A. Ceresnie
Thomas P. Jirgal
Sharon A. Ceresnie
321 North Clark St., Ste. 2300
Chicago, IL 60606
Telephone: (312) 464-3100
Fax: (312) 464-3111
tjirgal@loeb.com

*Attorneys for Defendant,*
*Will Smith*

**CERTIFICATE OF SERVICE**

    I, Sharon A. Ceresnie, hereby certify that a copy of **SMITH'S CORRECTED**

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** has been served upon:

    Cathy Ann Pilkington, Esq.
    Lance B. Johnson, Esq.
    Law Offices of Cathy A. Pilkington
    161 North Clark Street, Suite 4700
    Chicago, Illinois 60601

    Donald David, Esq.
    Brian A. Bloom, Esq.
    Akerman Senterfitt LLP
    335 Madison Avenue, Suite 2600
    New York, New York 10017

    John David Burke, Esq.
    Ice Miller
    200 West Madison Street, Suite 3500
    Chicago, Illinois 60606

    Leah R. Bruno, Esq.
    David R. Geerdes, Esq.
    Sonnenschein Nath & Rosenthal LLP
    7800 Sears Tower
    233 South Wacker Drive
    Chicago, Illinois 60606

    Clark Steven Tomashefsky, Esq.
    Jenner & Block LLP
    330 North Wabash Avenue
    Chicago, Illinois 60611

Via ECF Notification on this 1st day of May, 2008.


                _____ /s/ Sharon A. Ceresnie _____