**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SYL JOHNSON, a/k/a Sylvester Thompson, d/b/a Syl-Zel Music, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | |
| ) | No. 07 C 7288 |
| MICHAEL JACKSON et al., ) ) | |
| Defendants. ) ) | Honorable Marvin E. Aspen |
| _____ ) ) | |
| SONY BMG MUSIC ENTERTAINMENT, ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| PETER WRIGHT; and SUNLIGHT RECORDS, INC. d/b/a TWILIGHT/TWINIGHT RECORDS and EDGEWATER MUSIC CO., ) ) ) ) ) | |
| Third-Party Defendants. ) ) | |

**THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Sony BMG Music Entertainment ("Sony BMG"), by its attorneys, complains against Peter Wright ("Wright") and Sunlight Records, Inc. d/b/a Twilight/Twinight Records and Edgewater Music Co. (collectively, "Sunlight") as follows:

**Nature of the Case**

1.     In this Third-Party Complaint, Sony BMG seeks to enforce the terms of several settlement and license agreements under which Wright and Sunlight granted a license permitting the inclusion of samples of a recording entitled "Different Strokes" on recordings by Michael Jackson and Will Smith.  In the license agreement, Wright and Sunlight agreed to indemnify and hold harmless Sony BMG in the event Sony BMG was sued by any other party alleging infringement of "Different Strokes."  Sony BMG has now been sued for misappropriation, copyright infringement, and related causes of action by Syl Johnson ("Johnson"), who claims to own the master recordings and copyrights to "Different Strokes."  In connection with the license agreement, Wright and Sunlight obtained valuable consideration based on the representation and warranty that Wright and Sunlight owned those rights and were legally entitled to license their use.

2.     While Sony BMG does not concede that Johnson has valid claims for misappropriation, infringement, and related causes of action, Wright and Sunlight are legally obligated to indemnify Sony BMG for the fees and costs of defending against Johnson's suit and for any judgment Johnson might obtain against Sony BMG.

**Parties**

3.     Third-Party Plaintiff Sony BMG is a Delaware general partnership with its principal place of business in New York.  None of Sony BMG's partners is a citizen of the state of Illinois.  Sony BMG is engaged in the business of manufacturing, distributing, and selling musical performances in a variety of media.  Sony BMG is a successor in interest to Sony Music Entertainment Inc. ("Sony Music").

4.      Third-Party Defendant Wright is a citizen of Illinois. Wright has been engaged in the business of promoting, manufacturing, distributing, selling, and licensing musical performances since at least the 1960s. During the late 1960s and into the 1970s, Wright was a co-owner of the record labels Twilight and Twinight and was the owner of several music publishing companies, including Midday Music and Edgewater Music.

5.      Third-Party Defendant Sunlight is an Illinois corporation with its principal place of business in Illinois. Wright formed Sunlight in approximately 1994 to carry on the businesses previously conducted under the Twilight, Twinight, Midday, and Edgewater names.

## Jurisdiction and Venue

6.      This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 and pursuant to the terms of Fed. R. Civ. P. 14(a)(1), because the claims in this Third-Party Complaint are related to the allegations raised in Plaintiff's Complaint such that these claims constitute the same case or controversy, and because the Third-Party Defendants may be liable to the Third-Party Plaintiff for all or part of the claims against it.

7.      This Court also has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because the Sony BMG and Wright/Sunlight are citizens of different states, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the matters in controversy occurred in this District and because Wright and Sunlight reside in this District.

## Background

9.      In 1967, Syl Johnson recorded a song titled "Different Strokes," which was released as a 45-RPM single on the Twilight label. The label copy states that the song was

written by "J. Cameron and J. Zachary" and was published by "Zachron Pub. and Edgewater Music, Inc." Twilight was owned by Peter Wright and Howard Bedno, and Edgewater was owned by Peter Wright.

10. In approximately 1968, Wright and Bedno renamed Twilight "Twinight" and incorporated Twinight in Illinois. Twinight's business wound down in the mid-1970s, and in 1980, Wright and Bedno allowed its corporate registration to lapse. Wright then continued the business as an unincorporated proprietorship. In 1994, Wright incorporated Sunlight for the purpose, among other things, of holding assets formerly belonging to Twilight, Twinight, and Edgewater. Wright is Sunlight's sole owner. Bedno is deceased.

11. Over the years, portions of the 1967 recording of "Different Strokes" have been "sampled" by various hip-hop or rap artists.

### The Wright/Sunlight Settlement and License Agreements

12. Wright and Sunlight claimed that certain hip-hop or rap artists had sampled the 1967 "Different Strokes" recording without their permission. Among those artists against whom Wright and Sunlight made that claim were:

> (a) Michael Jackson, relating to his recording "Blood on the Dance Floor/Refugee Camp Edit"; and
>
> (b) Will Smith relating to his recording "Who Stole the DJ?."

13. After making their claims relating to the Michael Jackson and Will Smith recordings, Wright and Sunlight proceeded to negotiate settlement and license agreements that compensated Wright and Sunlight for alleged past infringements and licensed the artists and their record labels to sell records including the samples going forward. Those licenses were:

> (a) An October 1, 2001 agreement between Twilight/Twinight Records and Zomba Recording Corporation relating to the Will Smith recording of "Who Stole the DJ?";

4

    (b)    An October 19, 2001 agreement between Edgewater Music d/b/a Sunlight Records, Inc. and Zomba Enterprises Inc. relating to the Will Smith recording of "Who Stole the DJ?" and

    (c)    A May 2003 agreement between Peter Wright and Sunlight Records, Inc. d/b/a Edgewater Music Co. and Twilight Records and Sony Music Entertainment Inc. relating to the Michael Jackson recording of "Blood on the Dance Floor/Refugee Camp Edit."

In each case, the counter party gave good and valuable consideration to Wright or Sunlight for the settlements, licenses, and other rights granted.

    14.    As is stated with more particularity in the following paragraphs, each of the agreements listed in the preceding paragraph contained a provision in which Wright or Sunlight or both represented and warranted that they had full power and authority to settle the claims made and to license the use of "Different Strokes" going forward. In addition, each of those agreements contained a provision requiring Wright or Sunlight or both to indemnify the settling parties from and against any claims, liabilities, and expenses arising from any breach of their warranties.

    15.    The October 1, 2001 agreement provided that Sunlight represented and warranted that it "has the exclusive right and authority to enter into this agreement" and "is the owner of all right, title, and interest in and to the Master [recording of "Different Strokes], including without limitation the copyrights thereto" and that "the rights granted by [Sunlight] under this agreement will not infringe on the rights of any third party" and that "the Zomba Parties will not be required to make any payment whatsoever for the use of the Sample, except [to Sunlight]." The agreement further provided that Sunlight "will indemnify and hold the Zomba Parties harmless from any and all claims, damages, losses, judgments and liabilities arising from or in connection with the breach or claim of breach of any warranty, representation or agreement made by

[Sunlight] under this agreement." The agreement defined the "Zomba Parties" as "Zomba [Recording Corporation], its licensees, affiliates, successors, assigns, principals, directors, officers, employees and agents." Sony BMG is the parent of Zomba Recording LLC, a successor and assign of Zomba Recording Corporation with respect to the Will Smith recording of "Who Stole the DJ?"

16. The October 19, 2001 agreement provided that Sunlight "represents and warrants that it is the sole and lawful owner of all right, title, and interest in and to every claim and each of the other matters which they purport to release herein" and that it "is the sole owner of the copyright in the Composition [of "Different Strokes"]" and that Sunlight "has the authority to make the representations, warranties and covenants and to give the releases provided for in this Release." Sunlight further agreed to "indemnify, defend and hold [Zomba Enterprises Inc.] harmless against and in respect of any claims, losses, damages or expenses, including, without limitation, reasonable attorneys' fees and litigation costs . . . which arise from or relate to any breach of, or failure by Indemnitor to perform, and of Indemnitor's representations, warranties or promises in this Release . . . ." The agreement further provided that, "[w]ithout limitation of the foregoing, [Sunlight] as Indemnitor shall indemnify [Zomba Enterprises Inc.] as Indemnitee for any Damages which arise from or relate to any third party who asserts rights in the Composition [of "Different Strokes"]." Sony BMG is a beneficiary of the October 19, 2001 agreement with respect to the Will Smith recording of "Who Stole the DJ?"

17. The May 2003 agreement provided that Wright and Sunlight represented and warranted that they had the "irrevocable right, power, title, and authority . . . to grant the rights and interests granted herein," that any use by Sony Music of "Different Strokes" in connection with "Blood on the Dance Floor/Refugee Camp Edit" "will not infringe upon or violate the rights

of any person or entity," that Sony Music "will not be required to make any payments (other than the payments specified in paragraph 1 of this Agreement) in connection with the inclusion of ["Different Strokes"] into ["Blood on the Dance Floor/Refugee Camp Edit"], and that Wright and Sunlight "are the sole owners, authors, and composers of ["Different Strokes"] and all the copyright rights therein." The agreement further provided that Wright and Sunlight would "indemnify and hold harmless Sony [Music] and any of its respective affiliated persons or entities, from and against any and all claims, damages, liabilities, costs and expenses (including legal costs and reasonable counsel fees) arising out of any breach or alleged breach of any representation, warranty, obligation or undertaking by [Wright and Sunlight] hereunder."

### Johnson's Infringement Claims

18. On December 28, 2007, Johnson filed a *pro se* complaint against Sony BMG and others, alleging copyright infringement based on alleged sampling of "Different Strokes" in, among other recordings, the Michael Jackson recording of "Blood on the Dance Floor" and the Will Smith recording of "Who Stole the DJ?" In his complaint, Johnson alleged that he is and has been the sole owner of the composition and 1967 master recording of "Different Strokes."

19. Johnson has also stated that license agreements entered into by Wright and Sunlight are not valid because, according to him, Wright and Sunlight did not have the right to license Twilight/Twinight recordings by Johnson.

20. Johnson's amended complaint in this matter alleges that Johnson has owned the 1967 sound recording of "Different Strokes" since 1967. Johnson further alleges that he filed a copyright on a 1972 "re-mix" recording of "Different Strokes" in 1996. Johnson asserts that he is "unsure" whether the alleged samples at issue in this case came from the 1967 or the 1972 sound recordings.

21. Johnson's amended complaint further asserts that he "operates" Twinight Records, Inc. and Edgewater Music, Inc.

22. Johnson's Amended Complaint seeks substantial damages, including compensatory and punitive damages, as well as attorneys' fees, from Sony BMG based on alleged copyright infringement and misappropriation of Johnson's alleged rights in "Different Strokes" through "Blood on the Dance Floor/Refugee Camp Edit" and "Who Stole the DJ?"

## COUNT I

23. Sony BMG realleges and incorporates the allegations of paragraphs 1-22 herein.

24. Contrary to Wright's and Sunlight's representations and warranties in the October 1, 2001, October 19, 2001, and May 2003 agreements, Johnson's lawsuit alleges that Johnson owns all rights to "Different Strokes" and is entitled to assert infringement and misappropriation claims against Sony BMG with respect to alleged sampling in "Blood on the Dance Floor/Refugee Camp Edit" and "Who Stole the DJ?."

25. Pursuant to the October 1, 2001, October 19, 2001, and May 2003 agreements, Wright and Sunlight are obligated to indemnify Sony BMG for Sony BMG's costs of defending against Johnson's claims in this litigation, including Sony BMG's reasonable attorneys' fees. In the event Johnson were to obtain a judgment against Sony BMG in this matter, Wright and Sunlight are further obligated to indemnify Sony BMG for that amount.

WHEREFORE, Sony BMG prays that the Court enter judgment in its favor and against Wright and Sunlight for all amounts that Sony BMG may be found liable to Johnson, plus Sony BMG's costs of litigation and its reasonable attorneys' fees.

                    Respectfully submitted,

                    SONY BMG MUSIC ENTERTAINMENT

                    By:   s/C. Steven Tomashefsky
                          One of Its Attorneys

C. Steven Tomashefsky
William E. Parker
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Tel:    (312) 222-9350
Fax:   (312) 840-7769
stomashefsky@jenner.com
wparker@jenner.com

## **CERTIFICATE OF SERVICE**

I, C. Steven Tomashefsky, an attorney, hereby certify that, on May 12, 2008 I caused the foregoing Third-Party Complaint to be served upon the following counsel of record through the Court's ECF notification System.

Cathy A. Pilkington, Esq.
LAW OFFICES OF CATHY A. PILKINGTON
161 N. Clark St., Suite 4700
Chicago, IL  60601
    *Counsel for Plaintiff*


Leah R. Bruno, Esq.
David R. Geerdes, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
    *Counsel for Tupac Shakur Estate and Amaru Entertainment, Inc.*


Thomas Jirgal, Esq.
Sharon A. Ceresnie, Esq.
LOEB & LOEB
321 N. Clark St., Suite 2300
Chicago, IL  60610
    *Counsel for Will Smith*


                                                           ___s/C. Steven Tomashefsky_____

1655005.1