**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SYL JOHNSON, a/k/a Sylvester Thompson, d/b/a Syl-Zel Music, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MICHAEL JACKSON et al., | ) No. 07 C 7288 ) |
| Defendants. | ) Honorable Marvin E. Aspen ) ) |
| _____ | ) ) |
| CAPITOL RECORDS, LLC, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SUNLIGHT RECORDS, INC. d/b/a TWILIGHT/TWINIGHT RECORDS and EDGEWATER MUSIC CO.; and COMPTOWN RECORDS, INC., | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

**THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Capitol Records, LLC (formerly known as Capitol Records, Inc.) ("Capitol"), by its attorneys, complains against Sunlight Records, Inc. d/b/a Twilight/Twinight Records and Edgewater Music Co. (collectively, "Sunlight") and against Comptown Records, Inc. ("Comptown") as follows:

**Nature of the Case**

1.  In this Third-Party Complaint, Capitols seek to enforce the terms of settlement and license agreements under which Sunlight granted licenses permitting the inclusion of samples of a recording entitled "Different Strokes" on recordings by the group N.W.A. In the license agreements, Sunlight agreed to indemnify and hold harmless Capitol and Comptown in the event Capitol or Comptown was sued for infringing "Different Strokes" by any other party. In a separate agreement, Comptown agreed to indemnify Capitol in the event Capitol was sued for infringing any material supplied to it by Comptown. Capitol has now been sued for misappropriation, copyright infringement, and related causes of action by Syl Johnson ("Johnson"), who claims to own the master recordings and copyrights to "Different Strokes." In connection with the license agreements, Sunlight and Comptown obtained valuable consideration based on the representation that they owned those rights and were legally entitled to license their use.

2.  While Capitol does not concede that Johnson has valid claims for misappropriation, infringement, and related causes of action, Sunlight is legally obligated to indemnify Comptown and Capitol, and Comptown is legally obligated to indemnify Capitol, for the fees and costs of defending against Johnson's suit and for any judgment Johnson might obtain against Capitol.

**Parties**

3.  Third-Party Plaintiff Capitol is a Delaware limited liability company with its principal place of business in New York. Capitol is engaged in the business of manufacturing, distributing, and selling musical performances in a variety of media.

4. Third-Party Defendant Sunlight is an Illinois corporation with its principal place of business in Illinois. On information and belief, Sunlight's sole shareholder is Peter Wright. Wright has been engaged in the business of promoting, manufacturing, distributing, selling, and licensing musical performances since at least the 1960s. During the late 1960s and into the 1970s, Wright was a co-owner of the record labels Twilight and Twinight and was the owner of several music publishing companies, including Midday Music and Edgewater Music. Wright formed Sunlight in approximately 1994 to carry on the businesses previously conducted under the Twilight, Twinight, Midday, and Edgewater names.

5. Third-Party Defendant Comptown is, on information and belief, a California corporation with its principal place of business in California. Comptown is, on information and belief, the successor to Ruthless Records ("Ruthless"), which was, on information and belief, an unincorporated d/b/a for the late Eric Wright, who was a member of the group N.W.A. On information and belief, in January 1992 Wright transferred all the assets and liabilities of Ruthless to Comptown, of which he was then the sole shareholder. On July 1, 1988, Ruthless entered into a Production Agreement with Priority Records, Inc. ("Priority"), pursuant to which Ruthless was to furnish N.W.A. recordings to Priority for distribution. In the Production Agreement, Ruthless represented and warranted to Priority that the recordings it would furnish would not "violate or infringe the rights of any Person." Ruthless further agreed to indemnify Priority and any of its licensees "from and against any and all claims, damages, liabilities, costs and expenses, including legal expenses and reasonable counsel fees, arising out of any breach by [Ruthless] of any warranty, representation or agreement made by [Ruthless] herein." Capitol is a successor to Priority's interests with respect to recordings by N.W.A.

**Jurisdiction and Venue**

6. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 and pursuant to the terms of Fed. R. Civ. P. 14(a)(1), because the claims in this Third-Party Complaint are related to the allegations raised in Plaintiff's Complaint such that these claims constitute the same case or controversy, and because the Third-Party Defendants may be liable to the Third-Party Plaintiff for all or part of the claims against them.

7. This Court also has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because the Capitol, on the one hand, and Sunlight and Comptown, on the other, are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the matters in controversy occurred in this District and because Sunlight is subject to personal jurisdiction in this District.

**Background**

9. In 1967, Syl Johnson recorded a song titled "Different Strokes," which was released as a 45-RPM single on the Twilight label. The label copy states that the song was written by "J. Cameron and J. Zachary" and was published by "Zachron Pub. and Edgewater Music, Inc." Twilight was owned by Peter Wright and Howard Bedno, and Edgewater was owned by Peter Wright.

10. In approximately 1968, Wright and Bedno renamed Twilight "Twinight" and incorporated Twinight in Illinois. Twinight's business wound down in the mid-1970s, and in 1980, Wright and Bedno allowed its corporate registration to lapse. Wright then continued the business as an unincorporated proprietorship. In 1994, Wright incorporated Sunlight for the

purpose, among other things, of holding assets formerly belonging to Twilight, Twinight, and Edgewater. Wright is Sunlight's sole owner. Bedno is deceased.

11. Over the years, portions of the 1967 recording of "Different Strokes" have been "sampled" by various hip-hop or rap artists.

### **The Sunlight Settlement and License Agreements**

12. Sunlight claimed that certain hip-hop or rap artists had sampled the 1967 "Different Strokes" recording without their permission. Among those artists against whom Sunlight made that claim was the group N.W.A., relating to its recording "Real Niggaz Don't Die."

13. After making its claim relating to the N.W.A. recording, Sunlight proceeded to negotiate settlement and license agreements that compensated Sunlight for alleged past infringements and licensed the artists and their record labels to sell records including the samples going forward. That license was A July 1, 2003 agreement between Sunlight Records, Inc. d/b/a Twilight/Twinight Records and Sunlight Records, Inc. d/b/a Edgewater Music and Comptown Records, Inc. d/b/a Ruthless Records relating to the N.W.A. recording of "Real Niggaz Don't Die." Comptown gave good and valuable consideration to Sunlight for the settlements, licenses, and other rights granted.

14. As is stated with more particularity in the following paragraph, the July 1, 2003 agreement contained a provision in which Sunlight represented and warranted that it had full power and authority to settle the claims made and to license the use of "Different Strokes" going forward. In addition, the agreement contained a provision requiring Sunlight to indemnify Comptown from and against any claims, liabilities, and expenses arising from any breach of its warranties.

5

15. The July 1, 2003 agreement provided that Sunlight "represents and warrants that Sunlight owns and controls 100% of all rights (including all copyrights) in and to the Composition and the Sampled Master [of "Different Strokes"], has the right to enter into this agreement and to grant to Comptown each and every right granted to Comptown herein and that the use of the Composition and the Sample Master [of "Different Strokes"] contemplated hereunder will not violate the rights of any third party." The agreement further provided that Sunlight shall indemnify and hold Comptown free and harmless from any and all claims, liabilities, costs, losses, damages, or expenses, including reasonable attorneys' fees, arising out of any breach or failure to perform of any covenants and warranties made by Sunlight hereunder." As has been explained above, Capitol is entitled to the benefit of the rights granted to Comptown in the July 1, 2003 agreement with respect to the N.W.A. recording of "Real Niggaz Don't Die."

### Johnson's Infringement Claims

16. On December 28, 2007, Johnson filed a *pro se* complaint against "EMI/Capitol Records" and others, alleging copyright infringement based on alleged sampling of "Different Strokes" in, among other recordings, the N.W.A. recording of "Real Niggas Don't Die." In his complaint, Johnson alleged that he is and has been the sole owner of the composition and 1967 master recording of "Different Strokes."

17. Johnson has also stated that license agreements entered into by Sunlight are not valid because, according to him, Sunlight did not have the right to license Twilight/Twinight recordings by Johnson.

18. Johnson's amended complaint in this matter alleges that Johnson has owned the 1967 sound recording of "Different Strokes" from the beginning. Johnson further alleges that he

filed a copyright on a 1972 "re-mix" recording of "Different Strokes" in 1996. Johnson asserts that he is "unsure" whether the alleged samples at issue in this case came from the 1967 or the 1972 sound recordings.

19. Johnson's amended complaint further asserts that he "operates" Twinight Records, Inc. and Edgewater Music, Inc.

20. Johnson's Amended Complaint seeks substantial damages, including compensatory and punitive damages, as well as attorneys' fees, from Capitol based on alleged copyright infringement and misappropriation of Johnson's alleged rights in "Different Strokes" through "Real Niggaz Don't Die."

## COUNT I
### (Against Sunlight)

21. Capitol realleges and incorporates the allegations of paragraphs 1-20 herein.

22. Contrary to Sunlight's representations and warranties in the July 1, 2003 agreement, Johnson's lawsuit alleges that Johnson owns all rights to "Different Strokes" and is entitled to assert infringement and misappropriation claims against Capitol with respect to alleged sampling in "Real Niggaz Don't Die."

23. Pursuant to the July 1, 2003 agreement, Sunlight is obligated to indemnify Capitol, as an intended beneficiary, for Capitol's costs of defending against Johnson's claims in this litigation, including Capitol's reasonable attorneys' fees. In the event Johnson were to obtain a judgment against Capitol in this matter, Sunlight is further obligated to indemnify Capitol for that amount.

WHEREFORE, Capitol prays that the Court enter judgment in its favor and against Sunlight for all amounts that Capitol may be found liable to Johnson, plus Capitol's costs of litigation and its reasonable attorneys' fees.

## COUNT II
### (Against Comptown)

24. Capitol realleges and incorporates the allegations of paragraphs 1-20 herein.

25. Contrary to Comptown's representations and warranties in the July 1, 1988 Production Agreement, as amended, Johnson's lawsuit alleges that Johnson owns rights to "Different Strokes" and is entitled to assert infringement and misappropriation claims against Capitol with respect to alleged sampling in "Real Niggaz Don't Die."

26. Pursuant to the July 1, 1988 Production Agreement, in the event Johnson were to obtain a judgment against Capitol in this matter, Comptown is obligated to indemnify Capitol for Capitol's costs of defending against Johnson's claims in this litigation and for the amount of any judgment Johnson might obtain from Capitol. Capitol has tendered its defense to Comptown, which Comptown has refused to accept.

WHEREFORE, Capitol prays that the Court enter judgment in its favor and against Comptown for all amounts that Capitol may be found liable to Johnson, plus Capitol's costs of litigation and its reasonable attorneys' fees.

                                          Respectfully submitted,

                                          CAPITOL RECORDS, LLC

                                          By:   s/C. Steven Tomashefsky
                                                    One of Its Attorneys

C. Steven Tomashefsky
William E. Parker
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
Tel:   (312) 222-9350
Fax:   (312) 840-7769
stomashefsky@jenner.com
wparker@jenner.com

## CERTIFICATE OF SERVICE

I, C. Steven Tomashefsky, an attorney, hereby certify that, on May 12, 2008 I caused the foregoing Third-Party Complaint to be served upon the following counsel of record through the Court's ECF notification System.

Cathy A. Pilkington, Esq.
LAW OFFICES OF CATHY A. PILKINGTON
161 N. Clark St., Suite 4700
Chicago, IL  60601
    *Counsel for Plaintiff*


Leah R. Bruno, Esq.
David R. Geerdes, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
    *Counsel for Tupac Shakur Estate and Amaru Entertainment, Inc.*


Thomas Jirgal, Esq.
Sharon A. Ceresnie, Esq.
LOEB & LOEB
321 N. Clark St., Suite 2300
Chicago, IL  60610
    *Counsel for Will Smith*


                                                  ___s/C. Steven Tomashefsky_____

1655005.1