UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYL JOHNSON, | ) | |
| | ) | No.: 07CV7288 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge Aspen |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| MICHAEL JACKSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AMARU ENTERTAINMENT, INC., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUNLIGHT RECORDS, INC. d/b/a TWILIGHT/ | ) | |
| TWINIGHT RECORDS and EDGEWATER | ) | |
| MUSIC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Amaru Entertainment, Inc. ("Amaru"), through its undersigned attorneys, for its Third-Party Complaint against Third-Party Defendant Sunlight Records, Inc. d/b/a Twilight/Twinight Records and Edgewater Music ("Sunlight"), hereby states as follows:

1. In this Third-Party Complaint, Amaru seeks to enforce the terms of a settlement and license agreement under which Sunlight granted a license permitting the inclusion of samples of a recording known as "Different Strokes" on recordings by Tupac Shakur. As discussed in detail below, under the terms of this settlement and license agreement, Sunlight agreed to indemnify Amaru in the event Amaru was sued for any alleged infringement regarding "Different Strokes." Sunlight obtained valuable consideration based on the representation and warranty that Sunlight owned the rights to "Different Strokes" and was legally entitled to license those rights.

2. Amaru has been sued by Syl Johnson who claims to own the master recordings and copyrights of "Different Strokes." In his Complaint, Johnson has attempted to allege claims for copyright infringement, misappropriation as well as other additional related claims.

3. While Amaru contests that Johnson has any valid claims, Sunlight is legally obligated to indemnify Amaru for any judgment Johnson might obtain against Amaru as well as the fees and costs of defending this action.

### Parties

4. Third-Party Plaintiff Amaru is a corporation organized and existing under the laws of Delaware with its principal place of business in California.

5. Third-Party Defendant Sunlight is an Illinois corporation with its principal place of business in Chicago, Illinois.

6. Sunlight does business under its own name as well as under the names Twilight/Twinight Records and Edgewater Music.

### Jurisdiction and Venue

7. This Court's exercise of supplemental jurisdiction over these claims is proper pursuant to 28 U.S.C. § 1367 and Federal Rule of Civil Procedure 14(a)(1), as this Third-Party

Complaint is related to the allegations raised in Plaintiff Johnson's Complaint such that these claims constitute the same case or controversy, and because Sunlight may be liable to Amaru for all or part of the claims against it.

8. This Court has personal jurisdiction over Sunlight as it is incorporated in Illinois and does business in this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the matters between the parties occurred in this district.

## Background

10. On August 5, 2003, Sunlight, through its counsel, contacted Universal Music Group regarding the alleged sampling of "Different Strokes" by songs including "Peep Game" and "Nothing But Love?"

11. The dispute regarding "Peep Game" and "Nothing But Love?" was referred to and handled by Amaru.

12. In order to resolve the dispute, and without admitting liability, Amaru and Sunlight entered into a Settlement & Release Agreement dated September 2, 2003 (the "Release Agreement"), attached hereto as Exhibit A.

13. The Release Agreement relates to the alleged sampling of "Different Strokes" by Amaru in two master recordings featuring the performances of Tupac Shakur respectively entitled, "Peep Game" and "Nothing But Love?" (the "Shakur Masters").

14. The Release Agreement at Paragraph 2.a. grants Amaru the right to "exploit, manufacture, sell, reproduce, adapt, distribute, transmit, broadcast, cable cast and/or otherwise exploit the Shakur Masters" and the songs contained thereon in any manner or configuration and the right to permit others to do so as well. (Ex. A at ¶ 2.a.)

15. In Paragraph 2.b. of the Release Agreement, Sunlight represented and warranted that it was "fully authorized to enter into th[e] Release Agreement" and that the use of "Different Strokes" in the Shakur Masters would "not infringe upon or violate the rights of any person or entity." (Ex. A at ¶ 2.b.)

16. Sunlight further agreed to indemnify and hold Amaru harmless "from and against any and all claims, damages, liabilities, costs, and expenses (including legal costs and reasonable attorneys' fees)" arising out of any alleged breach of Sunlight's representations and warranties, "including, without limitation, any claim by or on behalf of Syl Johnson" relating to the use of "Different Strokes" in the Shakur Masters. (Ex. A. at ¶ 2.b.)

17. The Release Agreement was executed in consideration for the mutual covenants of the parties and $10,000 paid by Amaru to Sunlight. (Ex. A. at ¶ 1.a.)

### Syl Johnson's Claim Against Amaru

18. On December 28, 2007, Syl Johnson filed a Complaint against Amaru and other parties.

19. Before Amaru was required to file a responsive pleading, Johnson sought and was granted leave to file an amended complaint.

20. On April 1, 2008, Johnson filed a First Amended Complaint ("Amended Complaint") against Amaru and other parties, attached hereto as Exhibit B.

21. In the Amended Complaint, Johnson alleges that he owns enforceable rights with regards to copyrights covering "Different Strokes." (*See, e.g.*, Ex. B ¶¶ 212, 236.)

22. In the Amended Complaint, Johnson asserts copyright infringement and related claims against Amaru for its use of "Different Strokes" in the Shakur Masters. (*See, e.g.*, Ex. B ¶¶ 202-249.)

23.     Johnson is seeking substantial damages including compensatory and punitive damages, as well as attorneys' fees, from Amaru.

24.     Amaru maintains that it has not committed any wrongful conduct as alleged in the Amended Complaint, that it is not liable for any damages to Johnson, and that Johnson is not entitled to any relief.

25.     On February 21, 2008, counsel for Amaru sent a letter to counsel for Sunlight informing him that Amaru will be seeking indemnification for any and all damages, liabilities, costs, losses and expenses incurred as a result of Johnson's claims.

## COUNT I
## Claim for Indemnification

26.     Amaru adopts and reavers the allegations of the foregoing paragraphs 1 through 25 and further alleges that:

27.     The Release Agreement is a valid and enforceable contract.

28.     Amaru performed all of its obligations pursuant to the Release Agreement.

29.     While Amaru maintains that it is not liable for any of the claims asserted in Johnson's Complaint, Sunlight is obligated to indemnify Amaru for any and all damages, liabilities, costs, losses and expenses, including legal costs and attorneys' fees, arising out of the Johnson Amended Complaint.

WHEREFORE, Third-Party Plaintiff Amaru Entertainment, Inc. respectfully requests this Court to enter judgment in their favor and against Third-Party Defendant Sunlight Records, Inc. d/b/a Twilight/Twinight Records and Edgewater Music on this Third-Party Complaint and award Amaru compensatory damages in an amount to be determined at trial, including without limitation, all damages, liabilities, costs, losses and expenses, including its attorneys' fees and

costs incurred in defending against the claims contained in Plaintiff Johnson's Amended Complaint.

Dated: May 29, 2008                    Respectfully submitted by,

/s/ David R. Geerdes
One of the attorneys Amaru Entertainment, Inc.

| | |
|---|---|
| Eric J. Farber (admitted *Pro Hac Vice*) | Leah R. Bruno (ARDC No. 6269469) |
| Kevin F. Rooney (admitted *Pro Hac Vice*) | David R. Geerdes (ARDC No. 6289557) |
| PINNACLE LAW GROUP LLP | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 425 California Street, Suite 1800 | 7800 Sears Tower |
| San Francisco, California 94104 | 233 S. Wacker Drive |
| Tel: (415) 394-5700 | Chicago, Illinois 60606-6404 |
| Fax: (415) 394-5003 | Tel: (312) 876-8000 |
| | Fax: (312) 876-7934 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008 I electronically filed the foregoing THIRD-PARTY COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered parties.

  /s/ David R. Geerdes
One of the attorneys for Amaru Entertainment, Inc.

14663616\V-1