UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNSON,<br><br>                        Plaintiff,<br><br>                        v.<br><br>JACKSON, et al<br><br>                        Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS | No.:  07CV7288<br><br>Judge Aspen<br>Magistrate Judge Keys |

**DEFENDANT COMPTOWN RECORDS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Comptown Records, Inc. ("Comptown") through its undersigned

attorneys, for its Answer and Affirmative Defenses to the First Amended Complaint of

Plaintiff Syl Johnson ("Johnson"), hereby states as follows:

**JURISDICTION AND VENUE**

1.      This action involves misappropriated or pirated samples from Johnson's
musical sound recording, Different Strokes, and claims Illinois common law
misappropriation and other state law claims, or, alternatively, copyright infringement
pursuant to the copyright laws of the United States, 17 U.S.C. § 101, et seq.

**ANSWER:** Comptown admits that Plaintiff purports to assert claims that arise under

Illinois common law misappropriation and other state law claims, or, alternatively, the

copyright laws of the United States, 17 U.S.C. § 101, et. seq.  Comptown denies all

remaining allegations in Paragraph 1.

2.      This Court has jurisdiction over this matter under 28 U.S.C. § 1367 for the
state law claims and 28 U.S.C. § 1338 (a) for the alternative federal copyright claims.

**ANSWER:**  Comptown admits that Plaintiff purports to assert claims that properly

implicate the jurisdiction of this Court.  Comptown denies that Plaintiff's federal claims

have merit and therefore denies that this Court has jurisdiction over the state law claims.

3.      Venue is predicated on 28 U.S.C. § 1391 and 1400(a) and venue is proper in this district in that Johnson recorded "Different Strokes" in this district and the infringing works which pirated portions of Johnson's work as described herein were and currently are distributed, marketed, offered for sale and sold in this district. On information and belief, personal jurisdiction is proper because each Defendant, without consent or permission of the copyright owner, disseminated copyrighted works owned or controlled by Johnson. On information and belief, illegal dissemination occurred in every jurisdiction in the United States, including the Northern District of Illinois.

**ANSWER:** Comptown admits that venue is proper in this district.  Comptown denies all

allegations in Paragraph 3 to the extent they allege that Comptown has pirated Plaintiff's

work. Comptown does not have sufficient knowledge to admit or deny the allegations

regarding Plaintiff's recording of "Different Strokes" or the allegations directed to other

Defendants.  Accordingly, Comptown denies these allegations and demands strict proof

thereof.  Comptown denies all remaining allegations in Paragraph 3.

## PARTIES

4.      Johnson is a 72-year-old adult citizen of the State of Illinois. He is engaged in the business of musical performance under the assumed business name of Syl-Zel Music. Johnson also operates two Illinois corporations, Twinight Records, Inc. and Edgewater Music, Inc. and is engaged in the business of musical composition and publishing.

**ANSWER**:  Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 4.  Accordingly, Comptown denies each and every allegation of

Paragraph 4 and demands strict proof thereof.

**Michael Jackson**

5.      Upon information and belief, defendant Michael Jackson ("Jackson") is an adult citizen of the State of California. He is engaged in the business of music composition, publishing and performance.  On information and belief Michael Jackson engages in publishing of music under the assumed name Mijac Music. Mijac Music is an assumed name for Michael Jackson operating as a music publisher. The infringing work at issue in this lawsuit is entitled "Blood On The Dance Floor, Refugee Camp Edit."

**ANSWER**: The allegations of Paragraph 5 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 5, which are on that basis denied.

### Will Smith

6.      Upon information and belief, defendant Will Smith ("Smith") is an adult citizen of the State of California. He is engaged in the business of music composition and performance.  The infringing work by Smith at issue in this lawsuit is entitled "Who Stole The DJ?"

**ANSWER**:  The allegations of Paragraph 6 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 6, which are on that basis denied.

### Tupac Shakur Estate

7.      Afeni Shakur, one of the co-administrators of the Estate of Tupac Shakur is a citizen of the State of Georgia ("the Tupac Shakur Estate"). Co-administrator, Richard Fishbein, is a citizen of the State of New York. The works involving the Tupac Shakur Estate are "Peep Game" and "Nothin' But Love."

**ANSWER**:  The allegations of Paragraph 7 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 7, which are on that basis denied.

### Lawrence Parker - KRS One

8.      Lawrence Parker, also known as Larry Parker, and professionally known as KRS One ("Parker"), is an adult citizen of the State of California or of the State of New York. Parker is a rap music artist who is engaged in the business of musical

composition and performance. The work involving Parker at issue in this lawsuit is entitled "Criminal Minded."

**ANSWER:** The allegations of Paragraph 8 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 8, which are on that basis denied.

### Pedro Zayas and Christoper Ries

9.    Defendant Pedro Zayas is professionally known as Peedi Crakk and also as Peedi Peedi ("Zayas"). Upon information and belief, Zayas is an adult citizen of the State of Pennsylvania. He is engaged in the business of musical composition and performance and performed the sound recording for "Criminal Background" at issue in this lawsuit.

**ANSWER:** The allegations of Paragraph 9 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 9, which are on that basis denied.

10.    Defendant Christopher Ries is professionally known as Young Chris ("Ries"). Upon information and belief, Ries is an adult citizen of the State of Pennsylvania. He is engaged in the business of musical composition and performance and performed the sound recording for "Criminal Background" at issue in this lawsuit.

**ANSWER:** The allegations of Paragraph 10 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 10, which are on that basis denied.

### Sony BMG Music Entertainment, Inc.

11.    Defendant Sony BMG Music Entertainment, Inc. is a Delaware general partnership with its principal place of business in New York ("Sony"). Said defendant is engaged in the business of manufacture, distribution, and sale of music performances in the forms of records, tapes, and compact discs, among other media.

**ANSWER:** The allegations of Paragraph 11 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 11, which are on that basis denied.

### UMG Recordings, Inc.

12.     Defendant UMG Recordings, Inc. is a Delaware corporation with its principal place of business in New York ("UMG"). On information and belief UMG does business as Universal Music Group. Said defendant is engaged in the business of manufacture, distribution, and sale of music performances in the forms of records, tapes, and compact discs, among other media. Said defendant is the manufacturer, distributor and seller of certain the recordings at issue in this lawsuit: Nothin' But Love and Peep Game.

**ANSWER:**  The allegations of Paragraph 12 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 12, which are on that basis denied.

### Capital Records, Inc.

13.     Defendant Capitol Records, Inc. is a Delaware corporation with its principal place of business in the State of New York ("Capitol Records"). Its parent corporation is EMI, formerly Grammaphone Record Company. On information and belief, Capital owns and exploits the master recording to a song entitled Real Niggaz Don't Die which contains a misappropriated or pirated sample from Different Strokes.

**ANSWER:**  The allegations of Paragraph 13 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 13, which are on that basis denied.

### Zomba Enterprises, Inc.

14.     Zomba Enterprises, Inc. is a New York corporation with its principal place of business in New York ("Zomba Enterprises"). On information and belief, Zomba Enterprises is the owner of the master recording and copyright for the work at issue in this lawsuit alleged to contain a pirated or misappropriated sample entitled "Criminal Minded" and "Criminal Background".

**ANSWER:**  The allegations of Paragraph 14 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 14, which are on that basis denied.

**Amaru Entertainment, Inc.**

15.     Defendant Amaru Entertainment, Inc. is a Delaware corporation with its principal place of business in Georgia ("Amaru"). Upon information and belief, said defendant is engaged in the business of manufacture, distribution and sale of music performances in the form of records, tapes, and compact discs, among other media. Said defendant is the manufacturer, distributor, and seller of recordings for the Tupac Shakur Estate.

**ANSWER:**  The allegations of Paragraph 15 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraph 15, which are on that basis denied.

### NWA, ANDRE YOUNG AND ANTOINE CARRABY, COMPTON RECORDS

16.     N.W.A is a partnership which operated between 1991 and 2003 and was composed of Tre Curry (the D.O.C.), Andre Young (Dr.DRE), Eric Wright (Eazy-E), Dine Fekaris, Lorenzo Patterson (M.C. Ren), Antoine Carraby (DJ Yella), and Nick Zesses ("NWA").  None of NWA's partners are Illinois citizens. Compton Records a/k/a Ruthless Records is a California corporation with its principal place of business in California.  The work involving these defendants is Real Niggaz Don't Die.

**ANSWER:**  Comptown admits on information and belief that N.W.A.'s members

included, at various times, Tre Curry, Andre Young, Eric Wright, Lorenzo Patterson, and

Antoine Carraby.  Comptown admits that it is a California corporation with its principal

place of business in California.  Comptown admits that N.W.A. performed the song Real

Niggaz Don't Die.  Comptown does not have sufficient knowledge to admit or deny the

remaining allegations of Paragraph 16, which are on that basis denied.

### JOHNSON'S SONG - DIFFERENT STROKES

17.     On or about July 16, 1967, Johnson hired writers, John Cameron and John Zachary ("the writers"), who created and wrote the musical composition ("the composition") entitled "Different Strokes" in their capacity as songwriters. The musical composition was wholly original and is copyrightable subject matter.

**ANSWER:**  Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 17.  Accordingly, Comptown denies each and every allegation of

Paragraph 17, and demands strict proof thereof.

18.    On August 14, 1967, the writers registered the copyright in the musical composition "Different Strokes" with the United States Copyright Office, and secured Certificate of Registration No. EU 9873. The composition copyright in the words and music was registered to John Cameron and John Zachary.

**ANSWER:**  Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 18.  Accordingly, Comptown denies each and every allegation of

Paragraph 18, and demands strict proof thereof.

19.    On or about July 16, 1967, Johnson recorded a sound recording entitled "Different Strokes" at a recording studio in Chicago, Illinois. During the recording session, Johnson experimented with different creative sound combinations and finally settled on the idea to open the song with a combined grunt, laugh and drum beat (the "Ensemble").  The Ensemble gave the "Different Strokes" recording great distinction and popular appeal. In 1967, "Different Strokes" was released on a 45-RPM in 1967 through Twilight Records ("Twilight").

**ANSWER:**  Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 19.  Accordingly, Comptown denies each and every allegation of

Paragraph 19, and demands strict proof thereof.

20.    In or about March 1972, Johnson recorded a re-mix version of "Different Strokes" at a recording studio in Chicago, Illinois. The 1972 re-mix version included the Ensemble as to which Johnson re-recorded his grunt. Johnson did the editing, sound remixing, equalization, balancing and addition of new sound material which was wholly original with Johnson.

**ANSWER:**  Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 20.  Accordingly, Comptown denies each and every allegation of

Paragraph 20, and demands strict proof thereof.

21.    The 1972 re-mix version of Different Strokes was released in 1986 through PVine records as an LP Album.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 21. Accordingly, Comptown denies each and every allegation of

Paragraph 21, and demands strict proof thereof.

22.    Johnson obtained a written assignment of the composition copyright from John Zachary effective January 1, 1995. In 1995, John Cameron was deceased, and Johnson obtained a written assignment of Cameron's interest in the composition copyright from Jennifer Cameron, John Cameron's daughter.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 22. Accordingly, Comptown denies each and every allegation of

Paragraph 22, and demands strict proof thereof.

23.    On February 26, 1996, Johnson registered his copyright in "Sock It To Me" with the United States Copyright Office and deposited a copy thereof which included the 1972 re-mix of "Different Strokes." Johnson secured Certificate of Registration No. SR0000360-720.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 23. Accordingly, Comptown denies each and every allegation of

Paragraph 23, and demands strict proof thereof.

24.    On February 14, 1997, Johnson registered "Surrounded" with the United States Copyright Office.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 24. Accordingly, Comptown denies each and every allegation of

Paragraph 24, and demands strict proof thereof.

25.    Johnson deposited a copy thereof which also included the 1972 re-mix version of Different Strokes. Johnson obtained Certificate No. SRU-360-891.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 25. Accordingly, Comptown denies each and every allegation of

Paragraph 25, and demands strict proof thereof.

26.    The 1972 re-mix version of "Different Strokes" features the Ensemble as the beginning of the song with Johnson as the vocalist who provided the "grunt" portion of the Ensemble.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 26.  Accordingly, Comptown denies each and every allegation of

Paragraph 26, and demands strict proof thereof.

## DIGITAL SAMPLING TECHNOLOGY

27.    Digital sampling technology allows the copying of a recorded sound or series of sounds and incorporation of the fragment into the new work.

**ANSWER:**  To the extent Paragraph 27 reflects an allegation of the amended complaint

as compared to a prefatory comment, Comptown does not have sufficient knowledge to

admit or deny the allegations of Paragraph 27.

28. The process of digital recording changes sound waves into digital information; specifically, a sound is sent to a transducer (such as a microphone) which converts the sound wave into voltage variations.  The signal is then sent to an analog-to-digital converter.  The converter changes the analog signal into digital information by first measuring the analog voltage at regular intervals. The resulting "bits" are assigned a binary number representing the intensity of the signal at that time.  A computer stores or processes the resulting sample information.  To hear the sample, the process is reversed so that the voltage variations are converted into audible sound waves.

**ANSWER:** To the extent Paragraph 28 reflects an allegation of the amended complaint

as compared to a prefatory comment, Comptown does not have sufficient knowledge to

admit or deny the allegations of Paragraph 28.

29.    The process whereby music samples are pirated and recorded onto the defendant's work requires that the defendant first make a sound recording, then intentionally and deliberately record the music sample onto the defendant's sound recording. In some cases, the music sample is manipulated by slowing it down, changing the pitch, speed, etc. By engaging in this process, the defendant achieves distinction in the defendant's sound recording without having to spend the resources on creativity to develop the distinctive sound.

**ANSWER:**  To the extent Paragraph 29 reflects an allegation of the amended complaint

as compared to a prefatory comment, Comptown denies all allegations in Paragraph 29 to

the extent they allege that Comptown has pirated music samples.  Comptown does not

have sufficient knowledge to admit or deny the remaining allegations of Paragraph 29.

Accordingly, Comptown denies each and every remaining allegation of Paragraph 29,

and demands strict proof thereof.

## PARAGRAPHS 30-57

**ANSWER:**  The allegations of Paragraphs 30-57 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraphs 30-57, which are on that basis denied.  To the extent Paragraphs 30-57 could

be deemed to contain allegations directed to Comptown, Comptown denies all such

allegations.

## REAL NIGGAZ DON'T DIE

58.    Real Niggaz Don't Die was composed by various members of the
music partnership known as N.W.A., including Tracy Curry professionally known
as D.O.C., Andre Young p/k/a Dr. Dre, Eric Wright (Easy-E) and others.

**ANSWER:**  Comptown admits on information and belief that the song "Real

Niggaz Don't Die" was composed by, *inter alia*, various members of the group N.W.A.

Comptown does not have sufficient knowledge to admit or deny the remaining

allegations of Paragraph 58.  Accordingly, Comptown denies each and every remaining

allegation of Paragraph 58, and demands strict proof thereof.

59.    In 1991 through 2003 Tre Curry (the D.O.C.), Andre Young (Dr.DRE),
Eric Wright (Eazy-E), Dine Fekaris, Lorenzo Patterson (M.C. Ren), Antoine Carraby (DJ
Yella), and Nick Zesses (operating as NWA) made sound recordings of the song Real
Niggaz Don't Die which was produced by Dr. Dre and Yella on Compton a/k/a Ruthless
Records. The Real Niggaz Don't Die sound recording included a sample from the 1972
"Different Strokes" sound recording.

**ANSWER:** Comptown admits on information and belief that Tre Curry (the

D.O.C.), Andre Young (Dr. Dre), Eric Wright (Eazy-E), Lorenzo Patterson (M.C. Ren),

and Antoine Carraby (DJ Yella) (operating as N.W.A.) made a sound recording of the

song "Real Niggaz Don't Die," which was produced by Dr. Dre and DJ Yella.

Comptown does not have sufficient knowledge to admit or deny the remaining

allegations of Paragraph 59.  Accordingly, Comptown denies each and every remaining

allegation of Paragraph 59, and demands strict proof thereof.

60.     On information and belief, Capital is the owner of the master recording of the infringing work, Real Niggaz Don't Die, and is responsible for or has contributed to the mass and widespread sale and dissemination of Real Niggaz Don't Die.

**ANSWER:** Comptown admits the allegations of paragraph 60, except that Comptown

denies that "Real Niggaz Don't Die" is an infringing work.

61.     In approximately 1995, Capital had a dispute with Johnson regarding Johnson's claim of another instance of infringement pertaining to Johnson's Different Strokes sound recording and a Capital release known as King Tee.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 61.  Accordingly, Comptown denies each and every remaining

allegation of Paragraph 61, and demands strict proof thereof.

62.     Capital thus had knowledge that Johnson was the copyright owner of the "Different Strokes" sound recording.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 62.  Accordingly, Comptown denies each and every allegation of

Paragraph 62, and demands strict proof thereof.

63.     Defendants have released and sold the following albums which include "Real Niggaz Don't Die" on one of the album's tracks: (1). Niggaz4Life (1991); (2)

Greatest Hits (1996); (3) Greatest Hits (bonus track) (2003); (4) Niggaz4Life [CD/DVD] (2003) (5) Niggaz4Life/100 Miles and Runnin' (2002); (6) Greatest Hitz [Circuit City Exclusive] (2007); (7) Best of N.W.A.: The Strength of Street Knowledge [Bonus DVD] (2007; (8) Efil4Zaggin with 100 Miles/Straight outta Compton (2005); (9) Straight Out of Compton/Niggaz4Life with 100 miles and Running (2003).

**ANSWER:**  Comptown admits upon information and belief that it and/or its affiliates

and/or its predecessors in interest have released and sold various albums that include the

recording titled "Real Niggaz Don't Die," including but not limited to albums titled

"Efil4Zaggin" (a/k/a "Niggaz4Life"), "Greatest Hits" and/or "Greatest Hitz," and "The

Best of.  N.W.A.: The Strength of Street Knowledge," in various configurations.


        64.     The copyright notice for Real Niggaz Don't Die failed to mention
Johnson's contribution vis-à-vis the pirated or misappropriated sample.

**ANSWER:** Comptown admits that copyright notices for "Real Niggaz Don't

Die" did not mention Johnson.  Comptown denies that "Real Niggaz Don't Die" contains

any pirated or misappropriated sample of "Different Strokes."


        65.     The infringement or misappropriation described herein is continuing, but
Johnson did not learn of it until 2005.

**ANSWER:** Comptown denies any infringement or misappropriation.  Comptown does

not have sufficient knowledge to admit or deny the remaining allegations of Paragraph

65.  Accordingly, Comptown denies each and every remaining allegation of Paragraph

65, and demands strict proof thereof.

### PARAGRAPHS 66-177

**ANSWER:**  The allegations of Paragraphs 66-177 are not directed to Comptown, and

Comptown does not have sufficient knowledge to admit or deny the allegations of

Paragraphs 66-177, which are on that basis denied.  To the extent Paragraphs 66-177 do

contain allegations directed to Comptown, Comptown denies all such allegations.

## COUNT XVIII - MISAPPROPRIATION- REAL NIGGAZ DON'T DIE

178.    Paragraph Nos. 1 through 177 are incorporated and realleged as though fully set forth herein.

**ANSWER:** Comptown's answers to Paragraphs 1-177 are incorporated and realleged as

though fully set forth herein.

179.    The Ensemble contained in the 1967 sound recording of Different Strokes and in the 1972 remix of Different Strokes was original and included Johnson's voice recording.  Johnson had a legal right to control the use of his voice recording.

**ANSWER:** Comptown denies the allegations of paragraph 179.

180.    NWA, Capital Records, Antoine Carraby, Andre Young and Compton Records d/b/a Ruthless Records had access to the 1967 sound recording of Different Strokes and to the 1972 remix because it was commercially available in various mediums.

**ANSWER:** Comptown denies it accessed the 1967 or 1972 recordings of "Different

Strokes." Comptown does not have sufficient knowledge to admit or deny the remaining

allegations of Paragraph 180.  Accordingly, Comptown denies each and every remaining

allegation of Paragraph 180, and demands strict proof thereof.

181.    Defendants misappropriated Johnson's voice recording and misappropriated the Ensemble which was the embodiment of Johnson's original creative work.

**ANSWER:** Comptown denies the allegations of paragraph 181.

182.    Johnson contributed the expenses of recording as well as his vocal talent, creativity, time and labor to the creation of the Ensemble. Johnson benefits commercially from the Ensemble to the extent that he negotiates licenses to artists who want to use it in their works.

**ANSWER:** Comptown does not have sufficient knowledge to admit or deny the

allegations of Paragraph 182.  Accordingly, Comptown denies each and every allegation

of Paragraph 182, and demands strict proof thereof.

183.    As a result of taking Johnson's voice recording and the Different Strokes

Ensemble, Defendants and each of them gave their work distinction while avoiding expending the creative resources necessary to develop the distinct sound that Defendants' were able to obtain without obtaining Johnson's consent or paying him for its use.

**ANSWER:** Comptown denies the allegations of paragraph 183.

184.    As a direct and proximate result of the misappropriation described herein, defendants and each of them have obtained unlawful profits by virtue of the unlawful misappropriation which exceeds the sum of $75,000.00.

**ANSWER:** Comptown denies the allegations of paragraph 184.

### COUNT XIX - UNJUST ENRICHMENT-REAL NIGGAZ DON'T DIE

185.    Paragraph Nos. 1 through 184 are incorporated and realleged as though fully set forth herein.

**ANSWER:** Comptown's answers to Paragraphs 1-184 are incorporated and realleged as though fully set forth herein.

186.    As described herein, the partnership N.W.A. its producers Andre Young and Antoine Carraby, Compton Records a/k/a Ruthless Records and Capital Records have obtained a benefit by the use of the misappropriated samples which have enhanced their musical works and which benefit includes profits from sales and distribution of the Real Niggaz Don't Die, have obtained and valuable sound recording copyright in the work, issued and been compensated for licenses in the work, and other benefits, which would be unjust for them to retain.

**ANSWER:** Comptown denies the allegations of paragraph 186.

### COUNT XX-FEDERAL COPYRIGHT INFRINGEMENT

### REAL NIGGAZ DON'T DIE

187.    Paragraphs One through 81 are incorporated and realleged as though fully stated herein.

**ANSWER:** Comptown's answers to Paragraphs 1-81 are incorporated and realleged as though fully set forth herein.

188.    In the event that the evidence establishes that Defendants or any of them took the Different Strokes Ensemble from the 1972 remix sound recording, and that such re-mix is sufficiently distinct to be entitled to federal copyright protection, then Johnson is the owner of the sound recording copyright for Different Strokes and Johnson

registered his ownership of the sound recording copyright with the United States
Copyright Office as described herein.

**ANSWER:** Comptown denies the allegations of paragraph 188.

189.    Among the exclusive rights granted to Johnson under the Copyright Act
are the exclusive rights to reproduce the copyrighted recordings and to distribute the
copyrighted recordings to the public and to create derivative works.

**ANSWER:**    Comptown states that paragraph 189 describes certain provisions

of the Copyright Act in very general and simplified terms but denies that Johnson has

such rights with respect to the matters at issue in this case.

190.    Johnson has placed proper notice of copyright pursuant to 17 U.S.C. § 401
on the album cover of "Surrounded".

**ANSWER:** Comptown denies the allegations of paragraph 190.

191.    This 1972 re-mix version of Different Strokes was widely available and
accessible to each defendant.

**ANSWER:** Comptown denies the allegations of paragraph 191.

192.    On information and belief, the defendants and each of them, without the
permission, authority, or license from Johnson and without any attribution to Johnson,
have wrongfully, knowingly, and intentionally copied, reproduced, distributed, and sold
throughout the world, including in this district, works which include the Ensemble and/or
a sample of Johnson's 1972 sound recording of Different Strokes in violation of
Johnson's copyright in Real Niggaz Don't Die.

**ANSWER:** Comptwon denies the allegations of paragraph 192.

193.    On information and belief, each defendant has, in turn, distributed and
sold numerous copies of an infringing work which unlawfully includes a portion of
Johnson's 1972 sound recording in Different Strokes throughout the world. Each
violation of Johnson's rights to the 1972 sound recording constitutes a separate and
distinct act of copyright infringement.

**ANSWER:** Comptown denies the allegations of paragraph 193.

194.    Defendants' continuing infringement of Johnson's rights in the 1972 re-
mix sound recordings has caused and is continuing to cause irreparable injury, loss and
damages to Johnson, and unless defendants are restrained from continuing their wrongful

infringement of Johnson's rights, the irreparable damages to Johnson will increase without an adequate remedy at law.

**ANSWER:** Comptown denies the allegations of paragraph 194.

195.    As a result of the infringements of Johnson's rights in said work as described herein by defendants, defendants have obtained great income and gains and Johnson has suffered severe and actual financial losses due to the defendants' willful appropriation of Johnson's said composition and recording.

**ANSWER:** Comptown denies the allegations of paragraph 195.

196.    The acts of infringement described herein have been willful, intentional, and in disregard of and with indifference to Johnson's rights.

**ANSWER:** Comptown denies the allegations of paragraph 196.

### COUNT XXI - VICARIOUS COPYRIGHT INFRINGEMENT

### REAL NIGGAZ DON'T DIE

197.    Paragraphs One through 81 are incorporated and realleged as though fully set forth herein.

**ANSWER:** Comptown's answers to Paragraphs 1-81 are incorporated and realleged as

though fully set forth herein.

198.    Defendants are liable as vicarious infringers for the copyright infringement committed by taking the Different Strokes Ensemble.

**ANSWER:** Comptown denies the allegations of paragraph 198.

199.    At all relevant times, Defendants had the right and ability to control and/or supervise the infringing conduct, and defendants have had a direct financial interest and have derived substantial financial benefit from the infringements of Johnson's copyrighted sound recording.

**ANSWER**: Comptown denies the allegations of paragraph 199.

200.  Defendants have derived substantial benefit from the infringement by selling and distributing significant numbers of their songs without having to pay Johnson anything for his sound recording work.

**ANSWER:** Comptown denies the allegations of paragraph 200.

201. Each violation of Johnson's rights to his copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Through the conduct described herein, Defendants are vicariously liable for each act of infringement described herein.

**ANSWER:** Comptown denies the allegations of paragraph 201.

## PARAGRAPHS 201-249

**ANSWER:**  The allegations of Paragraphs 201-249 are not directed to Comptown, and Comptown does not have sufficient knowledge to admit or deny the allegations of Paragraphs 201-249, which are on that basis denied. To the extent Paragraphs 201-249 do contain allegations directed to Comptown, Comptown denies all such allegations.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
**(Release)**

Plaintiff's claims are barred because of the existence of a valid and enforceable release that releases Comptown for any and all liability in connection with Plaintiff's claims.  As of July 10, 2007, Plaintiff entered into Settlement Agreement and Full Release with Peter Wright, the Wright Group, Sunlight Records, Inc., Twinight Records, Inc., Edgewater Music, Inc., and Midday Music.  As of July 1, 2003, Comptown entered into a Settlement and Release Agreement with Twilight/Twinight Records, Edgewater Music, and Sunlight Records, Inc.  These agreements bar Plaintiff's claims.

### Second Affirmative Defense
**(Fair Use)**

Plaintiff's claims are barred because any use by Comptown of any work of Plaintiff's was a fair use under the copyright laws.

### Third Affirmative Defense
**(Express License)**

Plaintiff's claims are barred because any use by Comptown of any work of Plaintiff's was pursuant to an express license.

### Fourth Affirmative Defense
**(Implied License)**

Plaintiff's claims are barred because any use by Comptown of any work of Plaintiff's was pursuant to an implied license.

### Fifth Affirmative Defense
**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations.

### Sixth Affirmative Defense
**(Copyright Act Requirements)**

Plaintiff is not entitled to recovery under any of the provisions of the Copyright Act of 1976, 17 U.S.C. in that Plaintiff has failed to comply with the applicable requirements.

### Seventh Affirmative Defense
**(Abandonment)**

Plaintiff's claims are barred because Plaintiff has abandoned the copyright at issue.

### Eighth Affirmative Defense
**(Waiver)**

Plaintiff's claims are barred by the doctrine of waiver.

### Ninth Affirmative Defense
**(Laches)**

Plaintiff's claims are barred by the doctrine of laches.

### Tenth Affirmative Defense
**(Estoppel)**

Plaintiff's claims are barred based on the doctrine of estoppel.

### Eleventh Affirmative Defense
### (Unclean Hands)

Plaintiff's claims are barred because of Plaintiff's unclean hands.

### Twelfth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff's claims are barred because of Plaintiff's failure to mitigate its damages, if any.

### Thirteenth Affirmative Defense
### (Failure to State a Claim)

Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

### Fourteenth Affirmative Defense
### (de Minimis Infringement)

Plaintiff's claims are barred because any alleged infringement of the work at issue was *de minimis*, if at all.

### Fifteenth Affirmative Defense
### (Acquiescence)

Plaintiff's claims are barred because of Plaintiff's acquiescence.

### Sixteenth Affirmative Defense
### (Consent)

Plaintiff's claims are barred because of Plaintiff's consent.

///

///

///

///

///

Comptown reserves the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and Comptown reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

Dated:  August 29, 2008                    Respectfully submitted by,

Leah R. Bruno (ARDC No. 6269469)          /s/ *Eric J. Farber*
David R. Geerdes (ARDC No. 6289557)       Eric J. Farber
SONNENSCHEIN NATH & ROSENTHAL LLP          One of the attorneys Comptown Records,
7800 Sears Tower                          Inc.
233 S. Wacker Drive
Chicago, Illinois 60606-6404              Eric J. Farber (*Pro Hac Vice* Admitted)
Tel: (312) 876-8000                       Kevin F. Rooney (*Pro Hac Vice* Admitted)
Fax: (312) 876-7934                        PINNACLE LAW GROUP LLP
                                          425 California Street, Suite 1800
                                          San Francisco, California 94104
                                          Tel: (415) 394-5700
                                          Fax: (415) 394-5003

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2008 I electronically filed the foregoing

DEFENDANT COMPTOWN RECORDS, INC.'S ANSWER AND AFFIRMATIVE

DEFENSES with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to registered parties.

/s/Sally J. Hamm
SALLY J. HAMM